**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rick L. ROBERTSON, Jr.,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul W. BOBZIN, Defendant–Appellant.**

**Nos. 93–3863, 93–3866.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1994.

Decided Nov. 8, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 28, 1994 in No. 93–3863.

Daniel L. Pahlke, Rapid City, SD, argued (Thomas L. Trimble, on the brief), for appellant.

Steven D. Rich, Rapid City, SD, argued, for appellee.

Before LOKEN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSEN, Circuit Judge.

LOKEN, Circuit Judge.

After entering conditional guilty pleas to charges of manufacturing marijuana, Rick L. Robertson, Jr., and Paul W. Bobzin appeal the denial of their motion to suppress evidence seized from their mobile home pursuant to a state court warrant. The warrant was issued upon a concerned citizen's report that marijuana was growing inside their trailer, corroborated primarily by Forward Looking Infrared Device ("FLIR") readings of abnormal heat escaping from the trailer. Following an evidentiary hearing, the magistrate judge[1] recommended that defendants' motion to suppress be denied, and the district court[2] accepted that recommendation. After conditionally pleading guilty to preserve the issue, Robertson and Bobzin appeal that suppression ruling. We conclude there was probable cause to issue the warrant and therefore affirm.

Robertson and Bobzin argue that the Meade County Circuit Court magistrate lacked probable cause to issue a warrant to search their mobile home. "Probable cause" is a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Tagbering*, 985 F.2d 946, 949 (8th Cir.1993). "The sufficiency of a search warrant is in the first instance determined on the basis of the information before the issuing judicial officer." *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir.1986). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) (quotation omitted).

The warrant in this case was based upon the following information. Special Agent Kevin Thom of the South Dakota State Police submitted an affidavit reciting that, on March 17, 1993, he met with a citizen who wished to provide anonymous information about a marijuana growing operation. The citizen reported that Robertson and Bobzin were growing marijuana at their residence, a trailer located at Lot 50 of the Diamond T Trailer Court in Black Hawk, South Dakota. A week earlier, the informant had seen twelve-to-twenty marijuana plants, one-to-two feet tall, growing in a bedroom directly off the living room, and thirty-to-forty smaller plants growing in the master bedroom closet. The informant described the soil and lighting system being used. He/she stated that Robertson and Bobzin expected to harvest the larger plants in four-to-six weeks, that they had harvested two previous indoor crops, and that they were offering to sell marijuana for $100 per quarter ounce.

1. The HONORABLE MARSHALL P. YOUNG, United States Magistrate Judge for the District of South Dakota.

2. The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

The informant knew the physical characteristics of marijuana "because of past personal use" and had been in the trailer when marijuana was being used or sold. Thom further averred that he contacted the informant again five days later and was told that Robertson and Bobzin were presently selling marijuana at the trailer other than the marijuana being grown.

Thom's affidavit further stated that he contacted the local power company and confirmed that Bobzin was the customer of record at this address. In addition, Special Agent John Walker of the Division of Criminal Investigation submitted an affidavit reciting that he took FLIR readings[3] of the Bobzin trailer at 2:55 p.m. on March 22 and at 5:15 a.m. on March 23. Walker observed aluminum foil on two trailer windows, "a common technique used to contain light from escaping" during indoor cultivation. The FLIR readings showed "a somewhat higher degree of thermal energy being radiated" from two or possibly three areas of the trailer, whereas nearby trailers showed no similar heat variations. Walker opined that "the abnormal readings ... would be consistent with a possible indoor marijuana grow, in which a high amount of heat would be caused by the use of grow lights."

■ Thus, the probable cause in this case consisted primarily of information volunteered by a citizen who did not wish to become involved in the resulting criminal investigation. Prior to *Gates*, many courts had construed earlier Supreme Court decisions as adopting a two-pronged test for determining whether information from an anonymous informant satisfies the Fourth Amendment's probable cause standard. In *Gates*, the Court rejected that test and "reaffirm[ed] the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations." 462 U.S. at 238, 103 S.Ct. at 2332. Under *Gates*, "the informant's reliability, veracity, and basis of knowledge are relevant considerations—but not independent, essential elements—in finding probable cause." *Reivich*, 793 F.2d at 959. Applying that totality analysis, we conclude that the following circumstances support the magistrate's decision to issue a warrant and require denial of defendants' motion to suppress.

■ First, we must begin with the quality of the informant's information. He or she provided Agent Thom with detailed factual information concerning marijuana growing in Bobzin's trailer, defendants' prior harvesting and sale of marijuana, and their plans to harvest and sell the current indoor crop. In *United States v. Jackson*, 898 F.2d 79, 81 (8th Cir.1990), we noted that there is an inherent indicia of reliability in "the richness and detail of a first hand observation." As the Supreme Court observed in *Gates*, "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." 462 U.S. at 234, 103 S.Ct. at 2330. Nevertheless, because the informant and the alleged criminal activity were previously unknown to Agent Thom, some independent corroboration or verification of the tip was needed to establish probable cause for a warrant to search defendants' home.

■ Second, Agent Thom's initial attempt to verify his source came when he insisted on meeting personally with the informant, rather than simply taking an anonymous tip over the telephone. This allowed Thom to question the informant face-to-face and to determine whether he or she appeared to be a credible person. That first-hand observation gives greater weight to Agent Thom's decision to rely on the informant's information. *See United States v. Lloyd*, 36 F.3d 761, 762–63 (8th Cir.1994); *United States v. Wilson*, 964 F.2d 807, 810 (8th Cir.1992). As Thom testified at the suppression hearing:

Based on the detailed account of what the informant had [seen] in the trailer, based on my experience and training, having interviewed hundreds of defendants and informants, I didn't feel the informant was being deceptive and [had] legitimately called in as a concerned citizen, had no other motivation ... and was concerned

---

3. FLIR imaging compares surface temperatures, detecting relatively cold or hot areas.

about the activities in the trailer. Based on those factors I felt it lent credibility to them.

Third, the primary independent verification of the tip came when Agent Walker observed foil over two trailer windows and took FLIR readings which showed abnormal levels of heat escaping from certain parts of the trailer. As Agent Walker related in his affidavit, the foil suggested an effort to keep light in the trailer, and abnormal levels of escaping heat were consistent with the presence of indoor grow lights. Both tended to corroborate the informant's report that the trailer contained an indoor marijuana grow operation.

■ Defendants argue that only a cold FLIR reading, reflecting the use of additional insulation, would corroborate the presence of an indoor marijuana grow operation, and that the FLIR readings did not accurately predict where marijuana plants were later found in the trailer. However, these assertions are essentially irrelevant to the probable cause inquiry. The agents believed that the FLIR readings corroborated the informant's tip, and they reported their conclusions by affidavit to the Meade County magistrate. Numerous cases have noted that high intensity lights are used to grow marijuana indoors and generate excess heat.[4] The agents reasonably concluded that the FLIR readings corroborated the informant's report of wrongdoing in the trailer. That Robertson and Bobzin can now advance alternative explanations for aluminum foil on the windows and abnormal emanating heat does not undermine the magistrate's decision to credit the agents' reasonable inferences.

Fourth, Agent Thom also verified that the trailer's utility account was in the name of Bobzin, one of the persons the informant said was growing marijuana. "[T]he corroboration of minor, innocent details can suffice to establish probable cause." *United States v.*

*Reiner Ramos*, 818 F.2d 1392, 1397 n. 7 (8th Cir.1987).

■ Giving due deference to the decision of the Meade County magistrate, we conclude that the detailed information supplied by a previously unknown informant, who met with Agent Thom but requested anonymity, together with the corroborating information subsequently obtained, furnished probable cause to issue a warrant to search defendants' trailer. Robertson and Bobzin vigorously argue that Agent Walker violated their Fourth Amendment rights by standing in a public street and using an FLIR device to measure the heat escaping from their home. However, following oral argument, another panel of this court held that such FLIR surveillance is not a search for Fourth Amendment purposes. *See Pinson*, 24 F.3d at 1058. As a panel, we are bound to follow that ruling.

The judgment of the district court is affirmed.

---

4. *See United States v. Ford,* 34 F.3d 992, 993 (11th Cir.1994); *United States v. Pinson,* 24 F.3d 1056, 1057 (8th Cir.) *cert denied,* —— U.S. ——, 115 S.Ct. 664, —— L.Ed.2d —— (1994); *United States v. Zimmer,* 14 F.3d 286, 287 (6th Cir. 1994); *United States v. Deaner,* 1 F.3d 192, 195 (3rd Cir.1993); *United States v. Broussard,* 987

F.2d 215, 222 (5th Cir.1993). *See also United States v. Olson,* 21 F.3d 847, 850 (8th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 230, 130 L.Ed.2d 155 (1994) (vents on the roof and abnormally high electricity bills corroborated informant's report of indoor marijuana growing).