# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3933

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Robert Lawrence Gabrio, | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted: June 13, 2002
Filed: July 22, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Robert Lawrence Gabrio pled guilty to being an armed career criminal in violation of 18 U.S.C. § 922(g)(1), and he received a mandatory 15 year sentence under 18 U.S.C. §§ 924(a)(2) and (e)(1). Gabrio's plea agreement preserved his right to appeal the denial of his pretrial suppression motion, and he argues on appeal that the district court[1] erred by denying his motion and by failing to hold a Franks hearing. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Deputy Sheriff Daniel Guida of Aitkin County, Minnesota obtained a warrant to search Gabrio's residence. The search was executed the same day, four firearms were seized, and Gabrio was arrested. Because a number of items in the residence appeared to be stolen, three additional warrants were obtained and executed over the next several days. Gabrio was eventually charged with being an armed career criminal, 18 U.S.C. § 922(g)(1), and with possession of stolen firearms, 18 U.S.C. § 922(j).

At issue is the validity of the first search warrant, which was issued by a state judge based on Guida's affidavit. The affidavit stated that Guida had received information on February 5, 2001 from an informant who had given him "reliable information on at least two prior occasions regarding stolen goods" and who had "returned items of stolen property to law enforcement." The informant claimed to have been at Gabrio's residence on February 5, to have seen Gabrio carrying a handgun, and to have observed "several firearms which Gabrio indicated were stolen in recent burglaries." The affidavit also stated that Gabrio's criminal history included "felony convictions for burglary and escape from custody."

Gabrio moved to suppress the evidence obtained in the searches on the ground that Guida's affidavit lacked probable cause, that he was unreasonable to execute the warrant, and that he had omitted relevant information touching on the reliability of the informant. The information Gabrio argues was improperly omitted was the identity and background of the informant who he believes was his brother. He says his brother has a criminal record and a history of mental illness and that omission of this information triggered his right to a hearing under Franks v. Delaware, 438 U.S. 154 (1978).

The district court adopted a magistrate judge's report and recommendation to deny the motion. The court concluded that the affidavit showed probable cause because it was based on the tip of an informant who had previously provided reliable

information, had personally observed stolen firearms in Gabrio's possession, and had provided information in person rather than over the telephone. The court also determined that the officers had executed the search in objectively reasonable reliance on the search warrant and that, even if the informant were Gabrio's brother,[2] he had not been shown to have been unreliable.

After the motion to suppress was denied, Gabrio pled guilty to being an armed career criminal under 18 U.S.C. § 922(g)(1), and received a mandatory 15 year sentence under 18 U.S.C. §§ 924(a)(2) and (e)(1). On appeal Gabrio argues that Guida's affidavit was insufficient, that he did not execute the warrant in good faith, and that his omissions from the affidavit merit a <u>Franks</u> hearing. The United States responds that these issues were correctly resolved below. We review facts supporting the denial of a suppression motion for clear error, and we review the legal conclusions de novo. <u>United States v. Davis</u>, 288 F.3d 359, 362 (8th Cir. 2002). Refusal to call a <u>Franks</u> hearing is reviewed for abuse of discretion. <u>United States v. Fairchild</u>, 122 F.3d 605, 610 (8th Cir. 1997).

The Fourth Amendment requires a showing of probable cause to support a search warrant. Whether probable cause exists depends upon the totality of the circumstances, <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983), but it requires a showing of facts "sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." <u>United States v. Wells</u>, 223 F.3d 835, 838 (8th Cir. 2000) (citations and quotations omitted). An informant's tip can be sufficient to establish probable cause if the informant "has a track record of supplying reliable information" or if the tip "is corroborated by independent evidence." <u>United States v. Williams</u>, 10 F.3d 590, 593 (8th Cir. 1993).

---

[2]The government has not disclosed the identity of the informant.

The informant here had a track record of providing reliable information. Guida's affidavit stated that the informant had provided reliable information on at least two prior occasions and had returned stolen property to law enforcement officers. This information was sufficient to show reliability. See United States v. Sherrill, 27 F.3d 344, 347 (8th Cir. 1994); United States v. House, 604 F.2d 1135, 1137 (8th Cir. 1979). Gabrio argues that a reliable track record is established when an informant's tips lead to arrests or convictions, but there is no rule requiring this. Reliability may be found on the basis that past tips have led to seizures of contraband or other evidence, United States v. Formaro, 152 F.3d 768, 770 (8th Cir. 1998); United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995); Williams, 10 F.3d at 594, and the informant here had previously produced stolen property. Gabrio suggests that the informant may have been involved in stealing the returned property in the first place, but that would not necessarily make the act of returning the goods untrustworthy. Cf. United States v. Hall, 171 F.3d 1132, 1144 (8th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).

The tip here was timely and "based on the informant's first-hand observations, not merely from rumor or innuendo." Williams, 10 F.3d at 594. The informant had seen the guns in Gabrio's possession the same day that Guida obtained the search warrant. Cf. United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (informants were defendant's former wife and a former girlfriend who observed him in possession of contraband on a daily basis). Guida had an opportunity to assess the informant's credibility because he gave his tip in person. Moreover, the affidavit recited that Gabrio had a felony record which increased the credibility of the tip. See United States v. Campbell, 256 F.3d 381, 388 (6th Cir.), cert. denied, 122 S. Ct. 572 (2001).

The district court concluded that even if it were to find the affidavit insufficient to establish probable cause, the search would still be valid because Guida acted in objective good faith in executing the warrant. United States v. Leon, 468 U.S. 897 (1984). Gabrio claims that Guida could not have acted in good faith because the

affidavit was so deficient as to prevent any officer from reasonably relying on it, see id. at 923, but this argument is without merit since the affidavit was sufficient to establish probable cause.

Gabrio argues that the affidavit was nevertheless faulty because Guida omitted material facts about the informant that would have prevented the issuing judge from finding probable cause. In order to obtain a Franks hearing, a defendant must make a substantial preliminary showing of a false or reckless statement or omission and must also show that the alleged false statement or omission was necessary to the finding of probable cause. United States v. Milton, 153 F.3d 891, 896 (8th Cir. 1998). The type of showing required is not easily met. Id. at 896.

In support of his request for a hearing, Gabrio offered evidence of his brother's criminal record and his judicial commitment for mental illness from April to October of 1999.[3] The government did not disclose the informant's identity, but the court chose to treat the issue as if the informant had been Gabrio's brother and concluded that the brother's criminal conduct would not have undercut his "general believability" and that his background was not critical to the issue of probable cause. The court also determined that Gabrio had failed to show that his brother suffered from mental illness at the time of the tip to Guida in February 2001, especially since a state court's acceptance of a guilty plea by the brother in November 2000 implied that it had found him competent.

Gabrio provided no evidence that Guida knew or had reason to know of the brother's criminal record or history of mental illness. Even if Guida knew of the brother's criminal record, however, tipsters often provide information in the hopes of obtaining leniency with respect to their own situation and that does not necessarily

_____

[3]A second commitment order was issued in March 2000, but that order was stayed.

mean they are unreliable.  See Hall, 171 F.3d at 1143.  Moreover, the affidavit would have sufficed to show probable cause even if information about the brother's history of mental illness had been included in it since the brother's commitment ended in October 1999. Gabrio provided no proof that ongoing mental problems prevented his brother from providing reliable information to Guida in  February 2001.  The district court did not abuse its discretion by not holding a Franks hearing.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS,  EIGHTH CIRCUIT.