# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1698

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Johnny Ray McAtee, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 14, 2006
Filed: April 12, 2007

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Johnny Ray McAtee was convicted of attempting to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, as well as knowingly possessing pseudoephedrine and red phosphorus knowing and having reasonable cause to believe they would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c). On appeal, McAtee argues that the district court[1] erred by (1) failing to suppress evidence seized during a search of the home of McAtee's wife; (2) failing to exclude statements made by McAtee following his arrest

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

as well as photographs of McAtee taken before his arrest; (3) denying McAtee's motions for judgment of acquittal and new trial; and (4) finding that McAtee qualified for a mandatory life sentence. We affirm the judgment of the district court.

I.

On March 8, 2005, law enforcement officers questioned McAtee's wife, Jodie McAtee[2], and Matthew Goesse after observing them engage in several purchases of pseudoephedrine in Cedar Rapids, Iowa. Jodie informed the police that she had purchased the pseudophedrine for the purpose of manufacturing methamphetamine. On the basis of Jodie's statements, the police obtained a search warrant for Jodie's farmhouse in Hopkinton, Iowa, which they executed at around 2:30 a.m. on March 9, 2005. McAtee and three other individuals were found in the residence, along with numerous supplies associated with the production of methamphetamine. This included boxes of pseudoephedrine and iodine crystals wrapped in newspaper in a box in the basement; empty bottles of iodine, hydrogen peroxide, and muriatic acid; containers of Heet fuel additive, camp fuel, lacquer thinner, and acetone; and a duffel bag containing lye as well as equipment commonly used to produce methamphetamine. In the kitchen, police found red phosphorus in a coffee grinder and a glass bowl. In the bedrooms, police found supplies associated with the production of red phosphorus, methamphetamine, and additional supplies used to produce methamphetamine. Police also found mail addressed to McAtee and several photographs of McAtee and Jodie inside the residence. Jodie later testified at trial that several objects shown in the background of the photographs were used in the manufacturing of methamphetamine.

---

[2]Although different spellings of Ms. McAtee's first name appear in the record, we will refer to her as Jodie because that is the spelling used by the district court and it appears to be the correct spelling. We will refer to Jodie by her first name to distinguish her from the defendant.

Police arrested McAtee and took him to the Delaware County Sheriff's Office. Police placed McAtee in an interview room and informed him of his Miranda[3] rights. McAtee responded by saying that he didn't wish to talk and that he already knew that he was "fucked." The police returned McAtee to his holding cell, and before the police had left him in his cell, McAtee informed them that it took him "about twenty minutes" to begin using methamphetamine following his last release from prison.

McAtee's jury trial commenced on June 15, 2005. On June 20, 2005, the jury returned a verdict of guilty on all three counts of the indictment. McAtee filed a motion for new trial and judgment of acquittal on June 27, 2005, which the district court denied on November 16, 2005, following a hearing. At the sentencing hearing on March 7, 2006, the district court found that McAtee was subject to a mandatory life sentence on Count 1 pursuant to 21 U.S.C. § 841(b)(1)(A). The district court found that McAtee had two prior felony convictions, a conviction on November 23, 1998, for conspiracy to manufacture methamphetamine and a guilty plea on July 22, 2002, to possession of red phosphorus with the intent to manufacture methamphetamine. The district court found that "each of those prior two convictions and the instant offense are separate and distinct criminal episodes as defined in the case law; separate charges, separate convictions, separate sentencings." The district court imposed a life sentence on Count 1, with concurrent 20-year sentences on Counts 2 and 3. The district court also imposed a 10-year term of supervised release and a mandatory special assessment of $300. McAtee appeals.

II.

In reviewing a denial of a motion to suppress, we review the district court's legal determination of probable cause de novo and the underlying factual determinations for clear error. United States v. Solomon, 432 F.3d 824, 827 (8th Cir.

---

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

2005). "Our role is to ensure that the evidence as a whole provides a substantial basis for finding probable cause to support the issuance of the search warrant." Id. (quoting United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002)). The circumstances set forth in an affidavit must allow for a "practical, common sense" determination that there is a "fair probability" that contraband or similar evidence will be found at the targeted location. Illinois v. Gates, 462 U.S. 213, 238 (1983). When an affidavit is based on information from an informant, "the informant's reliability, veracity, and basis of knowledge are relevant considerations–but not independent, essential elements–in finding probable cause." United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986); see Gates, 462 U.S. at 230.

In the present case, the search warrant was issued on the basis of Jodie's statements to the police following her purchases of pseudoephedrine. The police officer's affidavit stated that Jodie had observed in her home "a duffel bag containing blister packs of pseudo ephedrine, and 6 cases of matches" as well as iodine crystals in the basement. Jodie also told the police that McAtee had given her "between 1/2 and 1 gram of methamphetamine" and that she knew that McAtee had traveled to Madison, Wisconsin on March 8, 2005, for the purpose of purchasing pseudoephedrine and matches. McAtee argues that Jodie's statements provided no information regarding her veracity or reliability, and therefore no probable cause existed for issuing a search warrant.

The affidavit exhibits several indicia of reliability. First, it is notable that the information did not come from an anonymous or confidential informant. See Reivich, 793 F.2d at 959. Second, Jodie had just been observed purchasing large quantities of pseudoephedrine, thus, "the question was not whether a crime was being committed, but only where and by whom." Id. Third, the statements by Jodie that she had been given methamphetamine and that illegal activity was most likely occurring in her home are statements against her own penal interest, which lends credibility to her statements. See United States v. Harris, 403 U.S. 573, 583-84 (1971). Fourth, Jodie's

statements consisted of detailed and specific allegations regarding materials she had seen in her home as well as actions by McAtee. As the Supreme Court has noted, the "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles [the] tip to greater weight than might otherwise be the case." Gates, 462 U.S. at 234.

Considering all of the circumstances regarding Jodie's statements to the police, there was probable cause for searching her home. Probable cause requires only a "fair probability," and not a certainty, that contraband will be found at the premises to be searched, and the affidavit provided substantial evidence of probable cause. See id. at 246; Reivich 793 F.2d at 960. We affirm the district court's denial of McAtee's motion to suppress.

III.

McAtee argues that the district court erred in admitting evidence of his statements to the police and photographs of him in Jodie's house, claiming that both the statements and the photographs were unduly prejudicial and their admission constituted a violation of Rule 403 of the Federal Rules of Evidence. We review a district court's admission of evidence for abuse of discretion and will reverse only if an error substantially prejudiced the outcome. See United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006). "When balancing the prejudicial effect and probative value under [R]ule 403, we give great deference to the district court's ruling." Id. at 809.

Rule 403 states that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. However, Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly

-5-

prejudicial, that is, if it tends to suggest decision on an improper basis." Wade v. Haynes, 663 F.2d 778, 783 (8th Cir.1981), aff'd sub nom. Smith v. Wade, 461 U.S. 30 (1983).

Upon review of the record, we conclude the statements and photographs have probative value exceeding any undue prejudice caused by their admission. McAtee's statements to the police that he was "fucked" and that it took him "about twenty minutes" to begin using methamphetamine again upon release from prison are probative in determining McAtee's guilt. While McAtee is correct that an individual may express such a sentiment ["I'm fucked"] simply on the basis of being arrested, it is just as likely that the sentiment reflected McAtee's consciousness of guilt. McAtee's acknowledgment that he used methamphetamine is probative in determining whether he made it. See United States v. Armijo, 834 F.2d 132, 135 (8th Cir. 1987) (upholding admission of evidence of previous drug use in drug distribution case). Furthermore, there is no reason to believe that the introduction of a single profanity would have swayed the jury improperly by leading them to believe that McAtee was therefore guilty of the offenses charged. See United States v. Pirani, 406 F.3d 543, 555 (8th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 266 (2005) (holding that admission of profanity was not unduly prejudicial). Similarly, there is no basis for believing that a single admission by McAtee that he had used methamphetamine before would be unfairly prejudicial or would have improperly swayed the jury.

The photographs are highly probative of whether McAtee was guilty of the crimes charged. They show McAtee in the house several days before his arrest with equipment commonly used to manufacture methamphetamine. There is nothing at all, moreover, inflammatory or unduly prejudicial about the content of the photographs. As well, there is nothing about the photographs that could be considered confusing or misleading to the jury. We therefore conclude that the district court did not abuse its discretion in admitting McAtee's statements to the police and the photographs.

IV.

McAtee argues that the district court erred by denying his motion for judgment of acquittal and new trial. We review de novo a district court's denial of a motion for judgment of acquittal. United States v. Peters, 462 F.3d 953, 957 (8th Cir. 2006). We view the evidence in the light most favorable to the jury's verdict and we draw all reasonable inferences in the government's favor, upholding the conviction so long as "there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant[ ] guilty beyond a reasonable doubt." Id. (internal quotation marks omitted) (quoting United States v. Vig, 167 F.3d 443, 447 (8th Cir. 1999)). We review the denial of a motion for a new trial for abuse of discretion. United States v. Aldrich, 169 F.3d 526, 528 (8th Cir. 1999). We will reverse the district court's decision if a new trial is necessary to avoid a miscarriage of justice. Id.

McAtee offers the same argument for contesting both his conviction and the denial of his motion for a new trial; he argues that the jury relied on Jodie's testimony at the expense of other, potentially conflicting, evidence. Even if the jury's verdict had to be based entirely on Jodie's testimony, there would be no basis for reversing the district court. While we are permitted to weigh the evidence on a motion for a new trial, see United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980), we have stated before in similar cases that such arguments are "little more than an invitation to determine the credibility of witnesses, which [is] . . . a task for the jury to perform." United States v. McNeil, 184 F.3d 770, 778 (8th Cir. 1999) (internal quotation marks omitted) (quoting Greaser v. Missouri Dep't of Corrections, 145 F.3d 979, 983 (8th Cir. 1998)). We have likewise held that accomplice testimony "is sufficient to support a conviction when it is not incredible or insubstantial on its face." United States v. Drews, 877 F.2d 10, 13 (8th Cir. 1989). "The test for rejecting evidence as incredible is extraordinarily stringent and is often said to bar reliance only on testimony asserting facts that are physically impossible." United States v. Crenshaw, 359 F.3d 977, 988 (8th Cir. 2004). Considering the nature of Jodie's testimony and her personal

knowledge of the case, there is nothing about her testimony that would make it incredible or insubstantial on its face.

In this case, moreover, the government provided evidence other than the testimony from Jodie. The government established McAtee's presence at the house where ample evidence of methamphetamine production was found, evidence linking McAtee with purchases of methamphetamine precursors, and McAtee's statements to the police together with the photographs of McAtee. There is therefore no reason to determine that the jury erred by accepting Jodie's testimony. Instead, viewing the evidence in a light most favorable to the verdict, we conclude that there was sufficient evidence for the jury's verdict and we likewise conclude that the district court did not abuse its discretion in denying McAtee's motion for a new trial.

V.

McAtee argues that the district court erred in its calculation of the predicate offenses when it sentenced him to life imprisonment. He argues that his previous felony drug convictions arose from the same criminal episode. "Because resolution of this claim requires us to interpret the statute, we review de novo the district court's use of the two prior convictions for enhancement purposes." United States v. Johnston, 220 F.3d 857, 860 (8th Cir. 2000).

21 U.S.C. § 841(b)(1)(A) provides for a life sentence for drug offenses following two previous felony drug convictions. It is "the purpose of this statute . . . to target recidivism . . . a legitimate and long-held goal of the criminal justice system." United States v. Hughes, 924 F.2d 1354, 1361 (6th Cir. 1991). Because of this, we have held that if two or more previous drug felony convictions "result from acts forming a single criminal episode, they should be treated as a single conviction for sentencing enhancement." United States v. Millard, 139 F.3d 1200, 1209 (8th Cir. 1998).

-8-

We have addressed this issue before in <u>United States v. Gray</u>, 152 F.3d 816 (8th Cir. 1998). In that case, we concluded that two drug sales to the same police informant on two consecutive days constituted separate convictions for the purposes of 21 U.S.C. § 841(b)(1)(A). We reasoned that the "two transactions were distinct in time, occurring on separate days, and required separate planning and execution" by the appellant. <u>Gray</u>, 152 F.3d at 821. We concluded that although the "two drug sales may have formed a series or pattern of drug transactions, each methamphetamine sale was a separate, punctuated occurrence with a limited duration." <u>Id.</u> at 822.

This case is squarely controlled by our decision in <u>Gray</u>. McAtee's previous felony convictions are for crimes he committed almost four years apart in time. Such a span of time guarantees that the two crimes required separate planning and execution by McAtee, even if they involved the same type of offense in the same geographic area during McAtee's prolonged drug addiction. The two convictions therefore constitute two separate events and the district court did not err in sentencing McAtee to a term of life imprisonment as provided by 21 U.S.C. § 841(b)(1)(A).

## VI.

For the foregoing reasons, we hold that the district court did not err in denying McAtee's motion to suppress evidence, his motion to exclude statements and photographs, and his motion for judgment of acquittal and a new trial. We also hold that the district court did not err in its calculation of McAtee's predicate offenses under 21 U.S.C. § 841(b)(1)(A). The judgment of the district court is affirmed.

_____