# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2416

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Juan Jose Stevens, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2008
Filed: June 24, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Juan Jose Stevens entered a conditional guilty plea to one count of conspiracy to distribute five or more kilograms of cocaine within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i). Stevens's plea reserved his right to appeal the district court's[1] denial of his motion to suppress. He appeals, arguing that the warrant to search his residence lacked probable

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

cause and violated the standard set forth in <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). We affirm.

## I. Background

The affidavit used to obtain the search warrant on Stevens's residence contained the following information. On October 8, 2006, Stevens's adult daughter reported to police that she had seen Stevens sell a bag of cocaine to an unknown man in front of their residence the day before. Stevens and his daughter lived in separate apartments in the same building. Stevens's daughter identified herself and gave an in-person statement to the affiant officer that Stevens admitted to her that he sold cocaine to the man and that Stevens had then shown her a safe inside his apartment that contained fifty to one hundred bags of cocaine. The daughter's half-brother, who was unrelated to Stevens, also identified himself and gave an in-person statement to the affiant officer, reporting that he had overheard Stevens admit to selling the cocaine but that he had not seen the transaction. After taking the informants' statements, the affiant officer conducted a criminal history check on Stevens and stated in the affidavit that

> STEVENS CRIMAL [sic] HISTORY SHOWED A VERY LENGTHY ARREST RECORD THAT INCLUDED SEVEN NARCOTIC RELATED ARRESTS, FIVE ASSAULTS, FOUR OWI'S, THREE IWOA ARRESTS, TWO PROBATION VIOLATIONS, TWO BURGLARIES, ONE ROBERRY [sic] AND POSSESSION OF A SHOTGUN AS A FELON. HE HAS ALSO SERVED PRISON TIME IN BOTH TEXAS AND IOWA FOR THESE OFFENSES.

The affiant officer also checked motor vehicle records and confirmed that two vehicles were registered to Stevens at the address his daughter had given. He did not explicitly indicate in the affidavit why he thought the informants' statements were reliable, but he attached the daughter's signed statement for submission with the affidavit.

The search of Stevens's residence pursuant to the resulting warrant yielded more than four thousand grams of cocaine, most of which was located in a safe, $13,469.00 in cash, and three vehicles that Stevens admitted were the proceeds of drug trafficking and money laundering.

In its response to Stevens's motion to suppress, the government acknowledged that the affidavit used to obtain the search warrant contained inaccurate information regarding Stevens's criminal history. These inaccuracies consisted of an overstatement of the number of Stevens's arrests for narcotics-related offenses, assaults, and OWIs. The affidavit also incorrectly stated that Stevens had possessed a shotgun as a felon and that he had served prison time both in Texas and in Iowa when in fact he had not served time in Iowa. The magistrate judge[2] to whom the case was referred held a Franks hearing and concluded that the inaccurate information was negligently included in the warrant affidavit and that the warrant was supported by probable cause independently of the inaccurate information.

## II. Analysis

The district court adopted the magistrate judge's report and recommendation that Stevens's motion to suppress be denied. We review the district court's factual findings in support of its denial of a motion to suppress for clear error and its legal determination of probable cause *de novo*. United States v. McAtee, 481 F.3d 1099, 1102 (8th Cir. 2007).

Stevens argues that because it lacked explicit information regarding the reliability of the informants and because it included false information about his

_____

[2] The Honorable John A. Jarvey, then Chief Magistrate Judge for the United States District Court for the Northern District of Iowa, now United States District Judge for the Southern District of Iowa.

criminal history, the affidavit failed to establish probable cause for the issuance of the warrant, with the result that the evidence seized pursuant thereto must be suppressed.

A search warrant is valid under the Fourth Amendment if it is supported by probable cause. United States v. Gabrio, 295 F.3d 880, 882 (8th Cir. 2002). Probable cause exists when a "practical, common-sense" inquiry that considers the totality of the circumstances set forth in the information before the issuing judge yields a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see McAtee, 481 F.3d at 1102. Although "an informant's veracity, reliability and basis of knowledge are all highly relevant" in determining whether probable cause exists when an affidavit is based on hearsay information, they are not "entirely separate and independent requirements to be rigidly exacted in every case." Gates, 462 U.S. at 230 (internal quotations omitted); see McAtee, 481 F.3d at 1102. An issuing judge's "determination of probable cause should be paid great deference by reviewing courts" and should be upheld if the judge had a "substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing." Gates, 462 U.S. at 236 (alteration in original) (internal quotations omitted).

A search warrant is void and the resulting evidence must be suppressed, however, if the defendant proves by a preponderance of the evidence that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit and the affidavit does not establish probable cause without the false statement. Franks, 438 U.S. at 155-56; see also United States v. Leon, 468 U.S. 897, 923 (1984). An affiant knowingly and intentionally or recklessly includes a false statement if he "in fact entertain[s] serious doubts as to the truth of the affidavit or ha[s] obvious reasons to doubt the accuracy of the information contained therein." United States v. Clapp, 46 F.3d 795, 801 (8th Cir. 1995) (adopting the First Amendment libel standard for Franks inquiries). Inaccurate statements that result

-4-

from negligence or innocent mistake are insufficient to trigger relief under Franks. 438 U.S. at 171.

We conclude that probable cause existed to issue the warrant to search Stevens's residence and that the district court did not clearly err in finding that the affiant officer did not knowingly or recklessly include a false statement in the affidavit. Furthermore, we conclude that the affidavit establishes probable cause without the erroneous information about Stevens's criminal history.

The hearsay information included in the affidavit provided sufficient indicia of reliability to support a finding of probable cause. Stevens's daughter and her half-brother identified themselves and voluntarily provided in-person statements to the affiant officer. See United States v. Solomon, 432 F.3d 824, 827-28 (8th Cir. 2005) (citing Florida v. J.L., 529 U.S. 266, 270 (2000) ("a known informant . . . can be held responsible if her allegations turn out to be fabricated") and Gabrio, 295 F.3d at 883 (in-person statements allow affiant to assess informant's veracity)); see also McAtee, 481 F.3d at 1103 (known informant more reliable than anonymous or confidential informant); United States v. Robertson, 39 F.3d 891, 893 (8th Cir. 1994) (in-person statements allow affiant to assess informant's veracity). The daughter's statement details a first-person, eyewitness account of recent criminal activity and contraband at Stevens's home. See McAtee, 481 F.3d at 1103; Solomon, 432 F.3d at 827; Gabrio, 295 F.3d at 883; Robertson, 39 F.3d at 893 (quoting Gates, 462 U.S. at 234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case.")). The issuing judge could conclude that the daughter had a strong basis of knowledge that cocaine would be found in Stevens's home because he had shown her that it was there. See Solomon, 432 F.3d at 827 (citing United States v. Jackson, 898 F.2d 79, 80 (8th Cir. 1990) (first-person account indicates a strong basis of knowledge)).

In addition to the above-described indicia of the informants' veracity, reliability, and strong basis of knowledge, the information they provided was sufficiently corroborated to support a finding of probable cause. The corroboration of even innocent, minor details can support a finding of probable cause. Solomon, 432 F.3d at 828 (discussing United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995) (affiant confirmed facts of suspect's address and parole release)); United States v. Ketzeback, 358 F.3d 987, 991-92 (8th Cir. 2004) (corroboration of publicly available information established informant's familiarity with suspect and knowledge of activities); Robertson, 39 F.3d at 894 (utility account of the residence described by informant was in suspect's name). The affiant officer confirmed that two vehicles were registered to Stevens at the residence identified by his daughter. The affiant officer also checked Stevens's criminal history and discovered that the criminal activity and contraband alleged by Stevens's daughter were similar to the narcotics-related charges for which Stevens had been arrested several times. See Ketzeback, 358 F.3d at 992; see also Solomon, 432 F.3d at 828 n.2 (citing Gabrio, 295 F.3d at 883).

With respect to the Franks challenge, we agree with the district court's conclusion that the affiant officer was at most negligent in including the inaccurate information regarding Stevens's criminal history in the affidavit. The affiant officer testified at the Franks hearing about the process he followed in preparing the affidavit, enabling the magistrate judge to assess his credibility. See United States v. Young Buffalo, 591 F.2d 506, 511 (9th Cir. 1979). The magistrate judge found that the affiant officer had "hastily gathered" the information from multiple sources late at night. See id. (the synthesis of information from multiple sources may account for errors). We note that the information on Stevens's criminal history came from two states and the Federal Bureau of Investigation and that its complexity understandably resulted in the inaccuracies described above. Notwithstanding those inaccuracies, the affidavit accurately related that Stevens had a lengthy criminal history that included

several narcotics-related arrests.  Accordingly, even when shorn of the inaccurate information, the affidavit established probable cause for the issuance of the warrant.

The judgment is affirmed.

_____