# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1366
_____

United States of America,

*Plaintiff - Appellee*

v.

Albert William Roberts, III,

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 15, 2017
Filed: February 5, 2018
_____

Before COLLOTON and GRUENDER, Circuit Judges, and HOLMES,[1] District
Judge.
_____

HOLMES, District Judge.

---

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for
the Western District of Arkansas, sitting by designation.

Albert William Roberts, III, appeals the judgment of the district court[2] denying his motion for judgment of acquittal and sentencing him to 48 months' imprisonment.   We affirm.

## I.

Roberts was charged with one count of conspiracy to commit wire fraud and with four separate counts of wire fraud.   The separate instances of wire fraud were based on transactions carried out during the course of the conspiracy charged in the first count.

The charges were based on Roberts' conduct in numerous real estate transactions.   Roberts purchased 12 homes from the same seller, Gary Penrod, and obtained loans from various lenders for each home.   On loan applications and closing documents, Roberts failed to report all properties he owned, recorded substantially different income levels, and claimed he would be an owner-occupant for four separate properties.   Additionally, Roberts and Penrod never negotiated the sale price, but Roberts generally purchased the homes at list price.   In those instances where his lender would not approve a loan at list price, Roberts purchased the homes for some lesser amount for which a loan would be approved. Subsequent to the closing of the purchases, Roberts received payments from Penrod that covered closing costs.   Roberts also received payments from Penrod that Roberts characterized as profit sharing, but that the government viewed as kickbacks for Roberts' participation in the wire fraud conspiracy.   However they should be characterized, Roberts filed no supplemental closing documents disclosing any of these payments.

At trial, Roberts moved for judgment of acquittal.   The motion was denied.

---

[2] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

The jury acquitted Roberts of the conspiracy charge but found him guilty of the four separate counts of wire fraud.

At sentencing, Roberts objected to the district court's use of acquitted conduct to determine the loss amount and the number of victims. The district court overruled Roberts' objections and calculated that his sentencing range under the United States Sentencing Guidelines was 70-87 months' imprisonment. The district court then varied below the Guidelines and sentenced Roberts to 48 months' imprisonment.

II.

Roberts contends that the district court erred in denying his motion for judgment of acquittal because the government presented insufficient evidence to sustain a conviction on the substantive wire fraud counts. Specifically, he argues that "the government failed to demonstrate that any omission by [Roberts] on any loan applications was material to the lender's decision to extend the loans in question, or that such omissions were intended to defraud." We disagree.

"We review de novo a district court's denial of a motion for judgment of acquittal." *United States v. McAtee*, 481 F.3d 1099, 1104 (8th Cir. 2007). "We view the evidence in the light most favorable to the jury's verdict and we draw all reasonable inferences in the government's favor." *Id.* "[W]e will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt." *United States v. Cole*, 525 F.3d 656, 661 (8th Cir. 2008).

Pursuant to 18 U.S.C. § 1343, to prove wire fraud, the government must prove (1) intent to defraud, (2) participation in a scheme to defraud, and (3) the use of a wire in furtherance of the fraudulent scheme. *United States v. Stacks*,

821 F.3d 1038, 1045 (8th Cir. 2016). The false or fraudulent representation must be material. *United States v. Cole*, 721 F.3d 1016, 1021 (8th Cir. 2013). "A misrepresentation is material if it is capable of influencing the intended victim." *United States v. Louper-Morris*, 672 F.3d 539, 555 (8th Cir. 2012).

As a threshold issue, Roberts argues that "[t]he government's evidence pertaining to the substantive counts of wire fraud (Counts II through V) was limited to conduct pertaining to two specific residential real estate transactions that 'happened at about the same time.'" However, at trial, the government presented evidence of conduct pertaining to ten additional transactions beyond the two identified by Roberts. While the government may have presented this evidence in support of the conspiracy count on which Roberts was acquitted, the jury was still permitted to consider the ten additional transactions in determining whether Roberts had the requisite intent to commit wire fraud related to the two specific real estate transactions. *United States v. Porter*, 441 F.2d 1204, 1210 (8th Cir. 1971) ("The cases are legion that intent may properly be inferred from all the facts and circumstances surrounding the transactions."); *see also United States v. Trejo*, 831 F.3d 1090, 1093 (8th Cir. 2016) ("When considering a jury verdict that a party characterizes as inconsistent, we ask 'whether the government presented sufficient evidence to support the conviction. We are reluctant to delve into the minds of the jurors to determine the reasons for apparently inconsistent verdicts.'") (citation omitted).

Roberts next argues that his forthrightness about his finances – specifically, his disclosure of five million dollars in loans on 13 houses – negated any inference of his intent to defraud by omitting additional loans from loan applications. In making this argument, Roberts relies heavily on this Court's ruling in *Stacks*. There we upheld the district court's grant of a new trial on the defendant's convictions for wire fraud. *Stacks*, 821 F.3d at 1046. In ordering a new trial, the district court noted "that Stacks's forthrightness about his finances ... negated any

inference of intent to defraud ... by omitting the additional loans." *Id.* at 1045. In the instant case, the government did not demonstrate Roberts' intent to defraud solely by his failure to disclose other loans. The government also presented evidence that Roberts reported substantially different levels of income on different loan applications, claimed he would be an owner-occupant on four separate loan applications, and did not disclose that he was receiving money back from Penrod after closing. Further, in *Stacks*, the district court concluded that the testimony of a loan officer, which was the most damning evidence of the defendant's guilt, was not credible. *Id.* Roberts has not raised any such credibility issues. Accordingly, this case is distinguishable from *Stacks*. The government presented sufficient evidence for a reasonable jury to find that Roberts intended to defraud lenders.

Additionally, Roberts argues that the government failed to prove that omitting additional loans from his loan applications was a material misrepresentation. Specifically, he argues that his various loan applications demonstrated his poor financial situation, and that disclosing three additional loans would not have caused the lender to deny him loans for the two transactions giving rise to the counts of conviction. However, the government presented testimony that a lender factors in all of a borrower's liabilities to correctly assess its risk. Based on this testimony, a reasonable jury could find that, had Roberts not omitted additional loans, the lender would have denied him loans or offered him loans with different terms. Accordingly, the government offered sufficient evidence that Roberts' omissions were capable of influencing the intended victim, and, as such, were material.

Roberts makes a number of other arguments in his brief including that the payments he received from Penrod were not illegal, that Penrod had complete discretion over the payments and Roberts did not know if he would receive them, and that Roberts never asked anyone to misrepresent information on any

documents. These arguments appear to provide further support for his primary contention that "the government failed to demonstrate that any omission by [Roberts] on any loan applications was material to the lender's decision to extend the loans in question, or that such omissions were intended to defraud." Roberts appears to briefly question whether there was sufficient evidence to prove that he was involved in a scheme to defraud, but does not develop this argument, and so we do not consider it. *Rotskoff v. Cooley*, 438 F.3d 852, 854 (8th Cir. 2006) (holding that argument was waived "because the issue was not developed in ... briefs as required by Federal Rule of Appellate Procedure 28(a)(9)(A)"). As discussed above, the government presented sufficient evidence for a reasonable jury to find that the omissions were material and that Roberts intended to defraud lenders. As such, the Court does not need to address Roberts' additional arguments on these issues.

Accordingly, the district court did not err in denying Roberts' motion for judgment of acquittal.

## III.

Roberts contends that the district court erred in relying on acquitted conduct in calculating his sentencing range under the United States Sentencing Guidelines. We disagree. Whether or not the district court relied on acquitted conduct, "[i]t is settled in this circuit ... that the Constitution does not preclude a district court from considering acquitted conduct in sentencing a criminal defendant." *United States v. Papakee*, 573 F.3d 569, 576 (8th Cir. 2009).

Accordingly, the district court did not err in sentencing Roberts.

## IV.

The district court's judgment is affirmed in all respects.

_____