# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1916
_____

United States of America

*Plaintiff - Appellee*

v.

Joel Zupnik

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Rapid City
_____

Submitted: May 12, 2020
Filed: March 2, 2021
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

MELLOY, Circuit Judge.

A jury found Joel Zupnik guilty of one count of attempted enticement of a minor using the internet, in violation of 18 U.S.C. § 2422(b). On appeal, Zupnik argues there was insufficient evidence to support his conviction. We affirm.

## I.

In August 2016, law enforcement officers conducted an undercover operation near Sturgis, South Dakota, during the Sturgis Motorcycle Rally. As part of the operation, agents responded to advertisements on the website, Craigslist, in order to identify individuals who were actively seeking children for sexual purposes.

On August 8, 2016, Zupnik posted a personal advertisement in the Casual Encounters section of Craigslist. Zupnik's advertisement indicated he was looking for "a woman" and was titled, "Bang a biker!! :)." The Casual Encounters section requires users to check a box representing they are over 18 years old. Zupnik's advertisement did not indicate or imply he was looking for a minor.

Officer Brian Freeouf responded to Zupnik's advertisement, pretending to be a minor female named "Kelli." Through Craigslist-based email messages, Officer Freeouf sent Zupnik an age-regressed photo of "Kelli" and said: "This sounds interesting." Zupnik called her "sweet baby girl" and asked: "[W]hat are you up to this rally eve??" When "Kelli" did not respond right away, Zupnik asked: "[W]hatcha in the mood for??" "Kelli" explained: "Mom came home early last night so I had to quit talking." Zupnik responded: "Well I am here when you get serious." Zupnik then sent a photo of himself and asked: "You free to play??" "Kelli" provided her cell phone number and asked Zupnik to text message her. Zupnik responded: "You want to come see what an older, experienced man knows? Be a good girl and this man happens to also be open for long term if you are looking for something better with no drama." "Kelli" replied: "I definitely hate drama so drama free is good. I hope you are okay with younger. I am just tired of dealing with boys." Zupnik again responded on Craigslist: "I like younger."

Once the conversation moved to text messages, "Kelli" told Zupnik she was 15 years old. Zupnik replied: "Didn't you read my add? I think you are sexy but I am

kinda waaayyy too old for you ! Lol." Kelli responded that she was "just tired of boys." Zupnik said: "If you wanna daddy like me, you are gonna have to keep it a secret and on the dl. If it worked out I would have to tell the neighbors I rented a room out to a student or something lol." He then wrote: "I could show you so many things that it took years to learn but you are not even legal LOL. Guess it is up to you on how you want to move forward." "Kelli" replied: "I am down with whatever but I am not experienced at all. Embarrassed." Zupnik asked for more pictures and discussed details of meeting in person at a high school in Rapid City. Zupnik and "Kelli" continued to communicate, sending each other text messages of a sexual nature. Zupnik asked "Kelli" about her experience with orgasms, masturbation, and oral sex. When "Kelli" told Zupnik that she did not have experience with oral sex, Zupnik said: "Maybe we could start there and see how it goes." Zupnik indicated he would bring his car, not his motorcycle, to their meeting because there is "not much room on the bike for relaxing." "Kelli" asked if she should bring condoms, and Zupnik said: "Sounds good." When Zupnik arrived at the high school, law enforcement officers placed him under arrest.

Zupnik was indicted for attempted enticement of a minor using the internet. 18 U.S.C. § 2422(b). The case went to trial. The government called three witnesses, all law enforcement officers involved in the investigation leading to Zupnik's arrest. At the close of the government's case, Zupnik moved for judgment of acquittal. The district court[1] denied the motion. The district court found Zupnik was entitled to an entrapment jury instruction. On December 12, 2018, the jury found Zupnik guilty. The district court sentenced him to the mandatory minimum term of 10 years' imprisonment.

---

[1]The Honorable Jeffrey L. Viken, then Chief Judge, now United States District Judge for the District of South Dakota.

## II.

On appeal, Zupnik argues the verdict was not supported by sufficient evidence and the district court erred in denying his motion for judgment of acquittal. He argues the government failed to prove (1) he used a facility of interstate commerce, (2) he had the requisite criminal intent, and (3) he was not entrapped. We review de novo, United States v. May, 476 F.3d 638, 640–41 (8th Cir. 2007), considering the evidence presented at trial in the light most favorable to the verdict and drawing all reasonable inferences in the government's favor, United States v. McAtee, 481 F.3d 1099, 1104 (8th Cir. 2007). We will reverse only if no reasonable jury could have found Zupnik guilty beyond a reasonable doubt. United States v. Santana, 524 F.3d 851, 853 (8th Cir. 2008).

In order to convict Zupnik, the government needed to prove beyond a reasonable doubt that he

> (1) used a facility of interstate commerce, such as the internet or the telephone system; (2) knowingly used the facility of interstate commerce with the intent to persuade or entice a person to engage in illegal sexual activity; and (3) believed that the person he sought to persuade or entice was under the age of eighteen.

United States v. Strubberg, 929 F.3d 969, 974 (8th Cir. 2019) (quoting United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010)). Because Zupnik was indicted for attempting to commit the offense, the government needed to prove he (1) had "intent to commit the predicate offense"; and (2) engaged in "conduct that is a substantial step toward its commission." Id. (quoting United States v. Spurlock, 495 F.3d 1011, 1014 (8th Cir. 2007)). The "illegal sexual activity" forming the basis of Zupnik's indictment was fourth degree rape and felony sexual contact under South Dakota law. S.D. Codified Laws §§ 22-22-1(5) and 22-22-7.

## A.

Zupnik argues the government failed to prove the jurisdictional element of his offense. He argues the initial communications on Craigslist could not support his conviction because "Kelli" did not reveal her age until the conversation moved to text messages. And, he argues, the text messages alone could not support his conviction because the government did not present evidence that the text messages involved Zupnik's own use of the internet, only that the text messages from "Kelli" were sent through an internet-based law enforcement system.

Section 2422(b)'s jurisdictional element is satisfied if the defendant used "any facility or means of interstate or foreign commerce" to attempt to entice a minor. 18 U.S.C. § 2422(b). The indictment charged Zupnik with using a "facility and means of interstate commerce, that is, a cellular phone and computer attached to the Internet, to attempt to" entice a minor. Before trial, the parties stipulated that Zupnik was arrested "in possession of an internet capable cellular phone with texting capabilities." At trial, the government presented evidence showing Zupnik used his "internet capable cellular phone" for all communications with "Kelli." The government also presented Officer Freeouf's testimony, in which he stated that, when "a message is sent from [the task force's] system, it's sent through the Internet to the servers that run the program and eventually is sent through the cellular networks to the recipient." The jury was instructed, in part, that the government needed to prove beyond a reasonable doubt that "Zupnik used a cell phone or computer attached to the internet to attempt to knowingly persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity." Relatedly, the jury was instructed: "The internet is an instrumentality and channel of interstate commerce." Zupnik does not challenge the jury instruction.

The evidence showed that Zupnik communicated with "Kelli" exclusively on his internet-capable cellular phone—first by using the Craigslist website to exchange

-5-

emails and then by using text messages transmitted through cellular networks and a law enforcement internet-based program. Given that the jury was presented with Zupnik's entire course of conduct, starting with his communications with "Kelli" on Craigslist, his argument that the text messages lack a jurisdictional nexus is unavailing. On this record, a reasonable jury could have found that Zupnik attempted to entice a child using a means or facility of interstate commerce. See United States v. Havlik, 710 F.3d 818, 824 (8th Cir. 2013) ("The Internet is an instrumentality and channel of interstate commerce."); United States v. Trotter, 478 F.3d 918, 921 (8th Cir. 2007) (per curiam) ("As both the means to engage in commerce and the method by which transactions occur, 'the Internet is an instrumentality and channel of interstate commerce.'" (citation omitted)).

B.

Next, Zupnik argues the government failed to prove he had the requisite criminal intent to support his conviction. He argues that the evidence was insufficient for the jury to find that he possessed the requisite intent to persuade "Kelli" to engage in sexual activity because she was "apparently willing." He relies, in particular, on the fact that it was "Kelli" who responded to his advertisement and that, once he learned her age, he expressed doubt and hesitancy.

Zupnik asks us to apply an inapposite case from the United States Court of Appeals for the District of Columbia Circuit, United States v. Hite, 769 F.3d 1154, 1160 (D.C. Cir. 2014), which interpreted § 2422(b) to make communications with an adult intermediary to "persuade, induce, entice, or coerce a minor" punishable only if "the defendant's interaction with the intermediary is aimed at transforming or overcoming the minor's will in favor of engaging in illegal sexual activity." Hite is not applicable here for multiple reasons, including the fact that Zupnik believed he was communicating directly with a minor, not an adult intermediary. To the extent Zupnik argues we should adopt Hite's definition of the terms "persuade, induce,

-6-

entice, or coerce," we decline to do so. See id. at 1161 ("The ordinary meanings of the verbs persuade, induce, entice, and coerce demonstrate that § 2422(b) is intended to prohibit acts that seek to transform or overcome the will of a minor."). Our precedent makes clear that a defendant can be found to "persuade" or "entice" even a seemingly "willing" minor. See United States v. Patten, 397 F.3d 1100, 1102 (8th Cir. 2005) (finding the evidence sufficient to support a § 2422(b) conviction where an undercover officer pretended to be a 16 year-old-girl who responded "yeah, you're hot" when the defendant asked if she wanted to "hook up"). We will not read any additional requirement into the statute.

Here, although it was "Kelli" who responded to his advertisement, the jury was presented with evidence tending to show that Zupnik persistently sent messages to "Kelli" with expressions of his sexual interest in her and descriptions of specific sex acts he would like to perform with her, even after learning her age. Zupnik asked "Kelli" questions about her sexual history and sexual interests. He used terms of endearment toward "Kelli" and expressed a desire that she be comfortable with him before attempting any sexual conduct with her. He arranged to meet her, arrived at the specified location, and brought his car instead of his motorcycle.

This evidence, including testimony and conversation transcripts, was sufficient to support a reasonable jury's conclusion that Zupnik intended to persuade or entice "Kelli" to engage in sexual activity. United States v. Flynn, 196 F.3d 927, 929 (8th Cir. 1999) (explaining that the element of intent "need not be proved directly and can be inferred from the facts and circumstances surrounding a defendant's actions"). Further, under South Dakota law, even "consensual" sexual contact with a fifteen-year-old would have been criminal. S.D. Codified Laws §§ 22-22-1(5) and 22-22-7. Therefore, "Kelli's" apparent willingness does not change our analysis. See United States v. Riepe, 858 F.3d 552, 559 (8th Cir. 2017) (holding that the evidence was more than sufficient to establish intent where the defendant "discussed specific sex acts that he would like to perform with [the minor]," "ultimately arranged to meet

her," and "arrived at the specified location"); <u>United States v. Shinn</u>, 681 F.3d 924, 931 (8th Cir. 2012) ("In attempted enticement of a minor cases, the defendant's intent can be inferred when the defendant has online conversations of a sexual nature with a minor." (quoting <u>Young</u>, 613 F.3d at 742)).

C.

Finally, Zupnik argues the government failed to rebut his defense of entrapment. Entrapment is an affirmative defense and a defendant is only entitled to an entrapment instruction if he produces sufficient "evidence that the government induced the criminal conduct." <u>Young</u>, 613 F.3d at 746–47. Inducement can be shown by evidence that the government "made the initial contact," "introduced the topics of sex and meeting in person," or otherwise "influenced [the defendant's] behavior by portraying [minors] as sexually precocious teenagers." <u>United States v. Myers</u>, 575 F.3d 801, 806 (8th Cir. 2009).

Here, the district court found that Zupnik made a showing of inducement sufficient to warrant instructing the jury on entrapment. The burden then shifted to the government to prove beyond a reasonable doubt that Zupnik was predisposed to commit the crime. <u>United States v. Kendrick</u>, 423 F.3d 803, 807 (8th Cir. 2005). To this end, Zupnik proposed an entrapment instruction, which the district court adopted with slight modification. Zupnik does not challenge the instruction on appeal. The jury was instructed, in part, that the

> government has the burden of proving beyond a reasonable doubt that Mr. Zupnik was not entrapped by showing either: (1) Mr. Zupnik was willing to solicit a minor before he was approached or contacted by law enforcement agents; or (2) the government, or someone acting for the government, did not persuade or talk Mr. Zupnik into soliciting a minor. In deciding whether Mr. Zupnik was willing to solicit a minor before he was approached or contacted by law enforcement agents, you may

consider whether the defendant enthusiastically responded and promptly availed himself of his first opportunity to commit a crime without government prodding. If the government proves either of these beyond a reasonable doubt, you must reject Mr. Zupnik's claim of entrapment. If the government fails to prove at least one of these beyond a reasonable doubt, then you must find Mr. Zupnik not guilty.

Zupnik now argues the government's evidence was insufficient to rebut his defense of entrapment because the government did not show "his predisposition to commit the federal offense of obtaining a minor's assent to unlawful sexual activity by overcoming her will."[2] At trial, the evidence showed that "Kelli" initiated contact and Zupnik had not been seeking a minor with his advertisement. However, the evidence also showed that, knowing "Kelli's" age, Zupnik proceeded to exchange sexually explicit messages with her and plan to meet her in person to engage in sexual acts. There was more than sufficient evidence that the jury could have relied upon in finding that Zupnik responded promptly to the opportunity to solicit a minor and was, therefore, not entrapped by the government. See Myers, 575 F.3d at 807–08 (explaining that "when a defendant responds immediately and enthusiastically to his first opportunity to commit a crime, without any period of government prodding, his criminal disposition is readily apparent"); United States v. LaChapelle, 969 F.2d 632, 635 (8th Cir. 1992) (holding that the defendant was predisposed to purchase child pornography where he "promptly and independently inquired about child pornography without being pressured to do so in any way" and because of his immediate acceptance of the government's offer); see also S.D. Codified Laws §§ 22-22-1(5) and 22-22-7.

We affirm the judgment of the district court.

_____

_____

[2]To the extent Zupnik implies the government needed to make an additional showing under Hite, we again reject his argument for the reasons stated above.

-9-