# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3420

———————

United States of America,              *
                                  *
           Appellee,        *   Appeal from the United States
                                    *   District Court for the
     v.                           *   Western District of Arkansas.
                                    *
James Henry Wilson,           *         [UNPUBLISHED]
                                    *
           Appellant.       *

———————

Submitted: April 21, 2011
Filed: April 28, 2011

———————

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.

After the District Court[1] denied his motion to suppress, James Henry Wilson conditionally pleaded guilty to knowingly permitting a minor under his custody and control to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, a violation of 18 U.S.C. § 2251(b) and (e); knowingly transporting another person in interstate commerce with the intent that she engage in

———————

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

illegal sexual activity, a violation of 18 U.S.C. § 2421; and using a cell phone to knowingly transfer obscene matter to a minor, whom he knew to be under age sixteen, a violation of 18 U.S.C. § 1470. He reserved the right to appeal the denial of the suppression motion. The court sentenced him to life imprisonment, to be followed by two consecutive ten-year terms in prison; it also imposed a fine of $30,000 and a lifetime of supervised release.

On appeal, Wilson's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in denying the suppression motion because the affidavit for the search warrant did not provide probable cause. We conclude, however, that the court's factual findings were not clearly erroneous and that its legal conclusion that probable cause existed was correct. See United States v. Stevens, 530 F.3d 714, 717 (8th Cir.) (standard of review), cert. denied, 129 S. Ct. 654 (2008); United States v. Grant, 490 F.3d 627, 631–32 (8th Cir. 2007) (noting that if an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place, probable cause to issue the warrant has been established; reviewing courts should pay great deference to issuing judge's probable-cause determination), cert. denied, 552 U.S. 1281 (2008).

We have carefully reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____