# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4089

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　Plaintiff - Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Douglas Dan Solomon,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　Defendant - Appellant.　　　　　　*

_____

Submitted: June 23, 2005
Filed:  December 23, 2005

_____

Before RILEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

A jury found Douglas Dan Solomon guilty of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4), and he was sentenced to 42 months in prison. Solomon appeals the denial of his motion to suppress evidence seized from his home pursuant to a search warrant.  We affirm.

On June 8, 2001, Agent Jan May of the Minnesota Bureau of Criminal Apprehension received a telephone call from a woman identifying herself as Laurie Brown, but who was later identified as Patricia Ann Tradup.  According to the affidavit in support of the search warrant, Tradup told Agent May that she lived in a house at 3636 14th Avenue South in Minneapolis with Douglas Dan Solomon, whom

she had recently learned was a registered sex offender. Tradup told Agent May that she had become concerned for her welfare, so she decided to search Solomon's bedroom for information regarding his sex offense. While in Solomon's room, she discovered printed-out images of children she estimated to be between the ages of three and twelve positioned in such a way as to display their genitals or engaged in sexual activity with what appeared to be an adult male. Tradup confirmed that Solomon has a computer in his bedroom and that she has seen pornography on it. In addition to the printed-out images, Tradup stated that she had found a little girl's swimsuit inside-out under Solomon's pillow and a girl's clothing slip inside his dresser drawer, despite the fact that Solomon does not have any children living at the home.

Following the conversation with Tradup, Agent May checked Solomon's predatory offender file. According to the file, he was convicted of criminal sexual conduct with a two-year-old victim in 1983, but was no longer required to register. Agent May also noticed that the address listed for Solomon in his predatory file was 3636 14th Avenue South in Minneapolis, Minnesota, the same as that supplied by Tradup. Agent May consulted with Sgt. Jane Moore of the Minneapolis Sex Crimes Unit, who is also assigned to the Minnesota Internet Crimes Against Children Task Force. In Sgt. Moore's experience, computer systems and internet access can be both repositories for evidence and instrumentalities of offenses involving child pornography.

On June 12, 2001, Agent May and Sgt. Moore met with Tradup in a park in Minneapolis. During the meeting, Tradup turned over nine images of children exposing their genitals or having sex with adult males that she claimed she had taken from Solomon's bedroom. Sgt. Moore asked Tradup if Solomon had taken any pictures of her; she responded that he had done so with her clothes on, and that it made her feel uncomfortable. After the meeting with Tradup, Agent May and Sgt.

Moore drove by the address Tradup had supplied, where they noticed a sign in the front yard with the name "Solomon" printed on it.

As a result of this information, Agent May and Sgt. Moore prepared an affidavit and applied for a search warrant. A Hennepin County Judge issued a warrant to search Solomon's residence, which officers executed on June 20, 2001. The officers recovered a variety of evidence from the home, including a computer hard drive. As a result of this evidence, a federal indictment was returned on December 16, 2003, charging Solomon with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b).

Solomon moved to suppress the evidence, arguing that the search warrant was unsupported by probable cause. Following a hearing, the magistrate judge issued a report recommending the motion be denied. The district court[1] adopted the magistrate judge's report and recommendation and denied Solomon's motion to suppress. The case proceeded to trial, where a jury found Solomon guilty of possession of child pornography. The district court sentenced him to 42 months in prison. Solomon appeals the denial of his motion to suppress evidence.

We review the district court's factual findings in support of its denial of a motion to suppress for clear error and its legal determination of probable cause de novo. United States v. Terry, 305 F.3d 818, 822 (8th Cir. 2002). "Our role is to ensure that the evidence as a whole provides a substantial basis for finding probable cause to support the issuance of the search warrant." Id. The existence of probable cause depends on whether, in the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995) (quoting Illinois v. Gates,

_____

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

462 U.S. 213, 238 (1983)). "[T]he preference for warrants is most appropriately effectuated by according great deference to a magistrate's determination" as to whether an affidavit establishes probable cause. United States v. Leon, 468 U.S. 897, 914 (1984).

"When the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, 'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999) (quoting United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995)). The affidavit "should be examined under a common sense approach and not in a hypertechnical fashion." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). When the affidavit is based on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant to whether the affidavit provided probable cause to support the search. See United States v. LaMorie, 100 F.3d 547, 553 (8th Cir. 1996).

We have no trouble concluding that the information contained in the affidavit provided sufficient probable cause to issue a warrant to search Solomon's home. First, the informant had an exceptionally strong basis of knowledge that child pornography would be found in the home in that she actually lived in the home, she personally discovered the child pornography along with a young girl's clothing in Solomon's bedroom, and she provided law enforcement with a detailed description of her discoveries. See United States v. Ellison, 793 F.2d 942, 946 (8th Cir. 1986) (finding it significant that the informants had lived on the premises and personally observed the reported activity); United States v. Jackson, 898 F.2d 79, 81 (8th Cir. 1990) (finding adequate basis of informant's knowledge where anonymous informant's tip provided the "richness and detail of a first hand observation"). Likewise, the affidavit demonstrated that Tradup's tip was credible and reliable in that she met with law enforcement, see Florida v. J.L., 529 U.S. 266, 270 (2000) (explaining that "a known informant. . . can be held responsible if her allegations turn out to be fabricated."),

Agent May and Sgt. Moore "had an opportunity to assess [her] credibility because [she] gave [her] tip in person," United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002); see also LaMorie, 100 F.3d at 553 ("[P]ersonal contact with an informant can strengthen an officer's decision to rely on the information provided . . ."), and she provided the officers with printed-out photos from Solomon's bedroom consistent with the photos she had previously described.[2]

Significantly, law enforcement was able to corroborate much of the information provided by Tradup.  It is well established that "[e]ven 'the corroboration of minor, innocent details can suffice to establish probable cause . . .'" United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001) (quoting United States v. Ramos, 818 F.2d 1392, 1397 n.7 (8th Cir. 1987)); see also United States v. Edmiston, 46 F.3d 786, 789 (8th Cir. 1995) ("We have held that if some 'information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that the informant provides, though uncorroborated, is also reliable.'") (quoting Williams, 10 F.3d at 593)).  Here, Tradup told law enforcement, inter alia, that: (1) she lived with Solomon at 3636 14th Avenue South in Minneapolis; (2) she recently learned that Solomon was a registered sex offender; (3) she found child pornography in Solomon's bedroom; (4) the estimated age of the children in the pictures was three to twelve years of age; and (5) the children were positioned to show their genital areas or were in the process of having sex with an adult male.  Law enforcement was able to corroborate that: (1) Solomon lived at the address Tradup provided; (2) he was a registered sex offender; (3) the victim in Solomon's prior sex crime was a two-year-old girl; (4) the pictures Tradup provided that she said came from Solomon's bedroom depicted children; and (5) the children were displayed in the photographs in the manner in which Tradup had

---

[2] In addition, the affidavit recited that Solomon had a criminal record, which increased the credibility of her tip.  See Gabrio, 295 F.3d at 883.

previously described. This corroborated information created "a fair probability" that child pornography would be found in Solomon's home. Murphy, 69 F.3d at 241.

The affidavit here is similar to, but stronger than, the affidavit we found sufficient to establish probable cause in Murphy. There, an anonymous informant told law enforcement that: (1) the defendant was recently released from prison for murder; (2) he was living at 907 W. 5th in Joplin, Missouri; and (3) he possessed firearms, although the affidavit did not state that the informant personally saw the firearms. Id. at 239-40. The affiant later corroborated that the defendant lived at the address provided by the informant and had recently been released from prison. Id. at 240. Although we found the affidavit to be "bare bones at best", we held that law enforcement's "independent corroboration of Murphy's release from the penitentiary and his address both provided assurances of the informant's reliability." Id. In this case, not only did law enforcement corroborate information similar to that corroborated in Murphy, the affidavit specifically stated that Tradup personally saw child pornography and a young girl's clothing in Solomon's room.

In addition, Tradup actually provided samples of the pornography she discovered in Solomon's bedroom to law enforcement. In this way, the affidavit here is similar to that in United States v. Terry, 305 F.3d 818 (8th Cir. 2002). There, the affidavit recited that in the process of inventorying the contents of the defendant's truck, a repossession company had discovered a photo album containing pornography and a video tape in which the camera operator stalked and sexually touched two young girls. Id. at 820, 823. After the company turned the material over to police, police learned that the defendant had a trailer home at the location of the repossessed truck, but lived with a family elsewhere. Id. at 820. Police called the family's home and recognized the voice of the person answering as the person whose voice appeared on the videotape; in addition, the manager of the trailer park told police that he had seen the defendant with children around the home the past summer. Id. at 820, 823. We determined that the facts and conclusions set forth in the affidavit were sufficient to

-6-

establish probable cause for the issuance of the search warrant.  Id. at 823.  Here, as in Terry, the affidavit recited that a private individual had provided police with evidence taken from the defendant's property.  Indeed, the fact that the evidence was taken from the very residence to be searched by an individual who actually lived there makes the affidavit in this case even stronger than that found sufficient in Terry.

Solomon argues that the affidavit failed to provide probable cause because some of the information Tradup provided was later found to be false.  Specifically, Solomon contends that the affidavit was rendered fatally unreliable because Tradup provided officers with a false name and a false date of birth.  This discrepancy is of no consequence as "[i]t is well-established that courts may not look to facts outside the affidavit in determining the existence of probable cause," United States v. Martin, 833 F.2d 752, 757 (8th Cir. 1987) (Lay, C.J., concurring).  Rather, the magistrate may consider only information "found within the four corners of the affidavit." Etheridge, 165 F.3d at 656.  However, even if we were to consider the fact that the name and date of birth Tradup provided to law enforcement and included in the affidavit were eventually found to be false, we would still conclude that the affidavit created a fair probability that child pornography would be found in Solomon's home in light of Tradup's strong basis of knowledge and law enforcement's independent corroboration of much of the information she provided.  See Jackson, 898 F.2d at 80-81 (finding information from anonymous informant established fair probability that contraband would be found at a residence despite fact that some of the information provided by the informant was false based on independent corroboration by law enforcement and adequate basis of informant's knowledge).

The judgment of the district court is affirmed.

_____