# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4040
_____

United States of America,      *
     *
        Plaintiff-Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    Southern District of Iowa.
Robert Clark Goff,      *
     *    [TO BE PUBLISHED]
        Defendant-Appellant.      *

_____

Submitted: April 17, 2006
Filed: May 26, 2006

_____

Before LOKEN, Chief Judge, LAY and BYE, Circuit Judges.

_____

PER CURIAM.

Robert Clark Goff pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871. He was sentenced to 120 months of imprisonment. Goff preserved his right to appeal the district court's denial of his motion to suppress evidence seized pursuant to a search warrant. Goff also appeals the sentence imposed by the district court. We affirm.

I.

Goff's conviction resulted from evidence seized during a search of Ruth Ann Jones' residence pursuant to a search warrant. Goff argues the search warrant was not

supported by probable cause and therefore the evidence seized is inadmissible. Officer Jacob Daly submitted the warrant application accompanied by four affidavits detailing the information below:

On January 20, 2005, Ryan Moore, the night supervisor of Easter's TrueValue, telephoned the Clarinda Police Department because he suspected a customer, identified as Jones, was purchasing products typically used in the manufacture of methamphetamine. When Officer Kris Grebert arrived, he observed that Jones' shopping cart contained copper tubing, clear rubber tubing, sandwich baggies, gloves, paper towels, a two-pack of pseudoephedrine, and one gallon of Coleman fuel. Officer Grebert stated that he knew from his training and experience that all of those products were used in the production of methamphetamine. Jones returned the Coleman fuel at the sales counter, stating she would have to check with her husband to see if he wanted her to purchase it. Officer Grebert stated he knew Jones was unmarried. A store receipt of Jones' purchases was attached to the warrant application.

Officer Jesse Hitt filed a report on January 25, 2005, detailing the results of a "trash pull" conducted outside Jones' residence. In a trash bag, which also contained a credit card notice addressed to Jones, Officer Hitt found another receipt from Easter's TrueValue and two zipper sandwich bags with the corners cut out. The receipt showed the purchase of liquid fuel, which Officer Hitt stated was commonly used in the production of methamphetamine. Officer Hitt also stated that based on his experience and training, the pieces of plastic cut from the baggies are used as a means of packaging methamphetamine.

On January 29, 2005, Moore, the night supervisor at Easter's TrueValue, again called the Clarinda Police Department because he suspected Jones was purchasing items related to the production of methamphetamine. Moore provided the police with

a receipt that showed Jones purchased, among other things, muriatic acid, bleach, and aluminum foil.

Officer Daly submitted affidavits from Moore, Officer Grebert, Officer Hitt, and Sergeant Dave Rine to the magistrate judge to support the search warrant application. Sergeant Rine's affidavit stated the evidence gathered by Officers Daly and Hitt, and the items Jones purchased from TrueValue, were components commonly used in the production of methamphetamine in a clandestine lab. The magistrate judge approved the warrant application. Inside the residence, officers seized, among other things, a .20 gauge shotgun, various narcotic paraphernalia, items similar to those bought by Jones from TrueValue, and ammunition. Police also seized a .20 gauge shotgun shell from Goff's right front pants pocket.

The district court held a hearing on Goff's motion to suppress and concluded there was probable cause for the issuance of the warrant. We review the district court's factual findings in support of its denial of a motion to suppress for clear error and review de novo the legal determination of probable cause. *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). Probable cause exists if there is a fair probability that contraband or evidence of illegal activity will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The appellate court's role is to "simply ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal quotations omitted). In light of the preference for warrants, we give great deference to the magistrate judge's determination of probable cause. *Id.* at 236.

We agree with the district court that the magistrate judge had a substantial basis for concluding a search of Jones' home would reveal evidence of wrongdoing.[1] Jones

---

[1]Goff contends probable cause cannot support a warrant that was issued solely upon the purchase of household items that may be used in the production of

purchased copper tubing, clear rubber tubing, sandwich baggies, gloves, paper towels, pseudoephedrine, liquid fuel, muriatic acid, bleach, and aluminum foil, all common elements used in the manufacture of methamphetamine, from Easter's TrueValue. The officers heard Jones say she would need to check with her husband before purchasing the Coleman fuel, even though they knew she was not married. Finally, the discovery of the zipper sandwich baggies with the corners cut out strongly indicated illegal drug activity was taking place in Jones' residence. We conclude the totality of these circumstances created a "fair probability" that police would discover evidence of illegal activity in Jones' residence.

## II.

Goff also appeals the sentence imposed by the district court, arguing his prior convictions in Iowa state court for operating a motor vehicle without the owner's consent are not crimes of violence for purposes of sentencing under United States Sentencing Guidelines (U.S.S.G.) § 2K2.1. This court has already held the Iowa offense of operating a motor vehicle without the owner's consent constitutes a crime of violence as defined in U.S.S.G. § 4B1.2(a). *United States v. Lindquist*, 421 F.3d 751, 754-55 (8th Cir. 2005). Therefore, we need not address Goff's arguments to the contrary.

## III.

For the above stated reasons, we affirm the district court.

_____

methamphetamine. We need not address that question here, as the totality of the circumstances in this case, including information separate from Jones' purchases, support a finding of probable cause. *See Gates*, 462 U.S. at 230, 238.