# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3816

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 7, 2015
Filed: October 14, 2015
[Unpublished]

_____

Before WOLLMAN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jerry Carter directly appeals the judgment of the district court[1] entered upon jury verdicts finding him guilty of possession with intent to distribute heroin, in

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), Carter's counsel challenges the denial of a motion to suppress evidence and the admission of evidence of uncharged drug buys. In pro se supplemental filings, Carter repeats those arguments and raises additional ones.

Following careful review, we find no error in the denial of Carter's motion to suppress, and no abuse of discretion in the denial of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). Specifically, the officer's affidavit supporting the request for a search warrant amply supported a finding of probable cause to search Carter's residence. The affidavit recounted information about confidential sources together with corroborating investigatory details, and Carter failed to make a substantial preliminary showing that it included any false or reckless statements or omissions that were necessary to the probable-cause determination. *See United States v. Crissler*, 539 F.3d 831, 833 (8th Cir. 2008); *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005). We also find no abuse of discretion in the admission, with a limiting instruction, of testimony that officers observed Carter involved in what appeared to be hand-to-hand drug transactions on multiple days shortly before they obtained and executed their search warrant, because the uncharged conduct was "inextricably intertwined" with the charged offenses. *See United States v. O'Dell*, 204 F.3d 829, 833 (8th Cir. 2000).

As to Carter's additional pro se arguments, there was sufficient evidence for the jury to find that Carter possessed a firearm in furtherance of a drug trafficking crime; the record does not support his position that the government withheld evidence or misled the jury during closing argument about video surveillance footage; witness credibility was for the jury; there was nothing prejudicial about the ruling sustaining the government's objection to any attempt to impeach a trial witness with prior

deposition testimony by the witness that was consistent with the trial testimony; and Carter's ineffective-assistance claims are best left to 28 U.S.C. § 2255 proceedings where the record can be sufficiently developed. Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue. We affirm the judgment of the district court. We also grant counsel's motion to withdraw, and we deny Carter's motion for appointment of new counsel.

_____