# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3958

_____

United States of America

*Plaintiff - Appellee*

v.

James Stephen Braden, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 21, 2016
Filed: December 29, 2016

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

James Braden, Jr. was convicted by a jury of one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Braden was sentenced to 75 months' imprisonment. Braden

appeals, arguing the district court[1] erred by failing to suppress a statement he made to officers when the officers arrived to execute a search warrant and before he was given Miranda warnings.[2] Braden also argues the district court erred by finding that the warrant was supported by probable cause. Finally, Braden argues the district court erred by denying a motion to set aside the verdict due to an officer's testimony that drug cases often involve the presence of firearms. We affirm.

I.

On June 17, 2014, Braden's twelve-year-old son went to the Hayti, Missouri police department to report that his father, Braden, was a drug dealer and was in possession of marijuana and firearms. Officer Shane Wiseman interviewed the boy. Braden's son provided detailed information about where his father stored the marijuana and firearms, including a map showing the layout of the home and where the items were located.

After interviewing the boy, Officer Wiseman contacted the Pemiscot County Prosecuting Attorney's Office, which directed Officer Wiseman to contact the Southeast Missouri Drug Task Force. Officer Wiseman contacted Task Force Officer Eddie Holloway. Officer Holloway came to the police department, and Braden's son voluntarily repeated the information he had provided to Officer Wiseman.

Following his interview with Braden's son, Officer Holloway prepared an affidavit for a search warrant. The affidavit included detailed information about the

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, adopting the Report and Recommendation of the Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

home and the evidence to be seized. The affidavit identified the source of the information as a confidential juvenile informant and described Officer Holloway's belief as to the reliability of the information. Though the affidavit did not indicate the relationship between the informant and Braden, Officer Holloway informed the judge reviewing the affidavit that the confidential source was Braden's son. The judge found that the affidavit established probable cause and issued a search warrant.

Officer Holloway, Officer Wiseman, and other officers executed the search warrant. Braden's son, who was outside when the officers arrived, went inside to get Braden. Braden met the officers outside, was placed in handcuffs, and was informed that the officers had a search warrant. Without giving Braden Miranda warnings, Officer Wiseman asked if there was marijuana in the house. Braden responded that there was "weed in the house, but you'll have to go find it."

As Officer Holloway approached the home, he was able to smell marijuana. Inside the home, the officers searched a closet in Braden's bedroom, where they found a storage container with approximately 12 pounds of marijuana. Near the storage container, the officers found a Ruger 9mm semi-automatic pistol and $11,000 in cash. On a shelf in the closet, officers found a box of 9mm ammunition and a box of .22 caliber ammunition. On and inside a dresser in Braden's bedroom, the officers found a bowl with marijuana residue, two digital weighing scales, and three gallon-sized bags with marijuana. In the kitchen, the officers found a loaded .22 caliber pistol and a notebook with entries consistent with drug transactions. Finally, the officers found an unloaded .22 caliber rifle in a storage room. When officers searched Braden's person, they found $1,770 in cash.

After he was charged, Braden moved to suppress the evidence resulting from the search of his home, arguing that the search was unreasonable. The magistrate judge recommended denying the motion, finding that the search warrant was supported by probable cause or, alternatively, that even if probable cause were

lacking, the officers acted in objective good-faith reliance on the validity of the search warrant. Braden did not object to the magistrate judge's findings, and the district court subsequently adopted the magistrate judge's recommendation.

At trial, Officer Holloway testified as both an expert and a lay witness. Officer Holloway testified about the items recovered from Braden's home and about his experience in the field as a narcotics detective. Braden did not object to Officer Holloway's status as an expert. During his testimony, Officer Holloway stated that "Ninety-nine percent of all drug dealers carry guns with them to protect their dope and money." During cross-examination, he clarified that "99 percent *somewhere down the line*" involve firearms. Braden did not object to this testimony.

After trial, Braden filed a motion to set aside the verdict, arguing that Officer Holloway gave false and misleading testimony when he testified that "ninety-nine percent" of drug dealers carry guns. The district court denied the motion, finding that Officer Holloway's testimony was not misleading because, on cross-examination, he qualified his statement by saying that "somewhere down the line," drug transactions involve firearms. Braden was subsequently sentenced to 75 months' imprisonment.

II.

Braden makes three arguments on appeal. First, Braden argues the district court erred by failing to suppress Braden's statement to the officers outside his home *sua sponte*. Second, Braden argues the district court erred by denying his motion to suppress the evidence seized during the search of his home. Finally, Braden argues Officer Holloway's testimony was false and misleading and should not have been allowed at trial.

## A. Braden's Incriminating Statement

Braden argues that his response to Officer Wiseman's question that there was "weed in the house" should have been suppressed because he was not informed of his Miranda rights. Braden's motion to suppress did not address this statement, and he made no objection to Officer Holloway's testimony regarding his statement. Thus, Braden did not properly preserve this issue for appeal. See United States v. Udey, 748 F.2d 1231, 1240 (8th Cir. 1984). As a result, we review this claim only for plain error. Fed. R. Crim. P. 52(b); Udey, 748 F.2d at 1240.

"To obtain relief under a plain-error standard of review, the party seeking relief must show that (1) there was an error, (2) the error is clear or obvious under current law, (3) the error affected the party's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Iceman, 821 F.3d 979, 983–84 (8th Cir. 2016) (quoting United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013)). An error must be prejudicial to have affected a party's substantial rights. United States v. Callahan, 800 F.3d 422, 426 (8th Cir. 2015). Braden has the burden to prove that the error "affected the outcome of the district court proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

Braden has not met his burden of proving that the outcome of his trial would have been different if his statement to the officers had been suppressed. Braden argues that because his statement was admitted, he was unable to present a defense that the marijuana did not belong to him and that he did not have knowledge of the drugs. However, there was overwhelming evidence presented at trial by which a jury could convict Braden. This evidence includes the fact that Braden was the only person in the home when the officers executed the search warrant and the officers were able to smell the marijuana before they entered. Further, the storage container with 12 pounds of marijuana was located in a closet with men's clothing inside

Braden's bedroom. The bowl with marijuana residue and one of the scales was located on the dresser in Braden's bedroom, and the second scale and three gallon-sized bags of marijuana were in a drawer of that dresser that contained men's clothing and underwear. Based on this evidence, Braden has not shown that the outcome of his trial would have been different if his statement had been suppressed. Thus, the district court's failure to suppress Braden's statement *sua sponte* was not plain error.

## B. Invalid Warrant

Before trial, Braden moved to suppress the evidence discovered in his home as having been discovered pursuant to an invalid warrant. The district court denied the motion and Braden appeals. Braden argues that the search warrant was invalid because it was not supported by probable cause. "This Court reviews the facts supporting a district court's denial of a motion to suppress for clear error and reviews its legal conclusions de novo." United States v. Cotton, 782 F.3d 392, 395 (8th Cir. 2015). "This court will affirm the district court's denial of a motion to suppress evidence unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear a mistake was made." United States v. Hogan, 539 F.3d 916, 921 (8th Cir. 2008) (quoting United States v. Annis, 446 F.3d 852, 855 (8th Cir. 2006)).

The Fourth Amendment requires that a warrant be supported by probable cause. U.S. Const. amend. IV. Probable cause exists when, "given all the circumstances set forth in the affidavit . . . , including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Officer Holloway's affidavit provided sufficient probable cause to issue a warrant to search Braden's home. The informant's basis of knowledge was

particularly strong that officers would find marijuana and firearms in the home because the informant lived in the home and observed Braden with the marijuana and firearms. See United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005); United States v. Ellison, 793 F.2d 942, 946 (8th Cir. 1986) (noting that the informants' reliability was supported by their "first-hand knowledge of the matters and objects described in the affidavit by their having lived . . . in the compound"). Additionally, the informant provided a detailed description of the contraband, including where it was located within the home. See Solomon, 432 F.3d at 827; United States v. Jackson, 898 F.2d 79, 81 (8th Cir. 1990) (finding probable cause based, in part, on "the richness and detail of a first hand observation" of an informant's tip).

Braden argues that it was unreasonable for the judge reviewing the warrant application to issue the search warrant on the basis of information supplied by his son. Braden suggests that the probable cause determination should consider undesirable consequences that may result from the execution of a warrant. Specifically, Braden argues that the judge should have considered the fact that the informant was a juvenile and the suspect's son. However, probable cause requires only a showing that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. That the informant was Braden's son does not disqualify the son as a credible informant or disprove the existence of probable cause. And, because Braden's son provided detailed information to the officers in person, the officers could assess his credibility. Solomon, 432 F.3d at 827–28 (noting that the informant was reliable because she met with law enforcement, the officers were able to assess her credibility because the informant gave the tip in person, and the informant could be held responsible if the allegations were false). Because the affidavit demonstrated the informant's reliability and basis of knowledge and included specific details about the evidence to be seized, it created a fair probability that evidence would be found. Thus, the search warrant was supported by probable cause and the district court did not err by denying Braden's motion to suppress.

## C. Officer Holloway's Testimony

Finally, Braden argues that the district court erred by allowing Officer Holloway's testimony regarding the correlation between firearms and drugs. Officer Holloway testified that, in drug transactions, "99 percent somewhere down the line" involve firearms. Braden did not object to this testimony at trial. After trial, Braden filed a motion to set aside the verdict based on false and misleading testimony, claiming that Officer Holloway's testimony was false because Officer Holloway had previously arrested three people for possession of drugs with intent to distribute where no gun was found on the scene. On appeal, it is unclear whether Braden is appealing the admission of Officer Holloway's testimony or the denial of Braden's motion to set aside the verdict.

If Braden is appealing the admission of the testimony, his claim is reviewed for plain error, as he did not object to the testimony at trial. Braden has not met his burden of proof under the plain error test, as set forth above. First, the admission of the testimony was not an error. The fact that not all drug arrests produce firearms does not mean that Officer Holloway's testimony was false. Rather, it is consistent with the fact that Officer Holloway did not say that all drug arrests produce firearms but, rather, that somewhere in the chain of drug trafficking, firearms are involved. "We have repeatedly held that 'a district court has discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar.'" United States v. Gill, 513 F.3d 836, 847 (8th Cir. 2008) (quoting United States v. Urbina, 431 F.3d 305, 311 (8th Cir. 2005)). "Further, we have specifically found no abuse of discretion in admitting expert testimony from drug agents regarding the use of firearms as tools of the drug trade." Id.

The testimony Braden challenges is similar to the testimony challenged in Gill. In Gill, a DEA agent testified to the link between firearms and drug trafficking based

on the agent's five years of experience and his involvement in more than one hundred drug investigations. Id. In the present case, Officer Holloway testified as both an expert and lay witness. He had thirteen years of experience as a law enforcement officer, including eight years specializing as a narcotics detective. Braden asserts that, in addition to being false, there was a gap between Officer Holloway's statement about the link between firearms and drug trafficking and the evidence presented at trial. However, as this court in Gill held, "[t]his argument goes to the weight to be accorded the testimony, not its admissibility." Id.

Second, even if admitting this evidence were an error, it did not affect Braden's substantial rights. Braden cannot show that the admission of Officer Holloway's testimony affected the outcome of trial. At trial, the prosecution presented substantial evidence of Braden's guilt independent of Officer Holloway's statement. This evidence included the fact that one of the guns was found in close proximity to 12 pounds of marijuana inside a closet in Braden's bedroom. Such a quantity of marijuana is consistent with distribution. Further, a second gun was located near the notebook containing entries consistent with drug trafficking. As a result, based on these facts and the facts discussed above, the admission of Officer Holloway's testimony, if it were in error, did not affect Braden's substantial rights. Thus, there was no plain error.

We would reach the same result addressing Braden's claim as an appeal from the district court's denial of his motion to set aside the verdict. It appears that Braden's motion, though using other words, was a motion for a new trial, as the relief requested on appeal is a remand for a retrial. Motions for a new trial will only be granted if "a serious miscarriage of justice may have occurred." United States v. Fetters, 698 F.3d 653, 656 (8th Cir. 2012) (quoting United States v. Rice, 449 F.3d 887, 893 (8th Cir. 2006)). For the reasons just stated, Braden cannot meet this standard.

## III.

For the foregoing reasons, the judgment of the district court is affirmed.

_____