# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2694

_____

United States of America

*Plaintiff - Appellee*

v.

Marquis Willyjohn Tucker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 19, 2020
Filed: August 10, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Marquis Willyjohn Tucker was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The district court[1]

---

[1]The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

determined that Tucker had three predicate offenses under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and § 2K2.1(a)(4)(A) under the U.S. Sentencing Guidelines (Guidelines or U.S.S.G.), and sentenced him to the statutory mandatory minimum of 180 months' imprisonment. Tucker argues that the district court erred in denying his motions to suppress evidence and to disclose the identity of a confidential informant.[2] He also argues that the district court erred in determining that his prior convictions constituted predicate offenses under the ACCA. We affirm.

After a confidential informant notified officers that he had completed his third controlled purchase of crack cocaine from Kevin White, officers moved towards White's vehicle to arrest White. Before they reached it, officers observed that Tucker and another man had approached White's car, with one leaning and reaching into the car and Tucker standing directly behind him. Officers were informed that the two men "were buying" drugs. One of the officers tasked with arresting White had heard that White's companions were often armed. While nearing the car, the officer saw a bag of marijuana in the vehicle's center console. The officer handcuffed Tucker and performed a pat-down search, during which he found a handgun in Tucker's waistband. After seizing the handgun and learning that it was stolen, officers placed Tucker under arrest, searched his person, and found crack-cocaine in one of his pockets.

Tucker contends that the investigatory stop and pat-down search were not supported by reasonable suspicion of criminal activity. An officer may "conduct a brief, investigatory stop when the officer has a reasonable articulable suspicion that criminal activity is afoot." United States v. Collins, 883 F.3d 1029, 1031-32 (8th Cir. 2018) (internal quotations and citation omitted). In determining whether an officer

_____

[2]In so ruling, the district court adopted the Report & Recommendation of the Honorable David T. Schultz, United States Magistrate Judge for the District of Minnesota.

had reasonable suspicion, "[w]e consider the totality of the circumstances . . . allow[ing] officers to draw on their experience and specialized training." Id. at 1032 (internal citations and quotations omitted). Following a valid investigatory stop, an officer may perform "a limited pat-down search of the individual's outer clothing for the purpose of uncovering concealed weapons if the officer has a reasonable, articulable suspicion that the person is armed and dangerous." United States v. Gilliam, 520 F.3d 844, 847-48 (8th Cir. 2008). When reviewing the denial of a motion to suppress, we review questions of law *de novo* and the district court's factual findings for clear error. See United States v. Zamora-Lopez, 685 F.3d 787, 789 (8th Cir. 2012).

We conclude that the officer had reasonable suspicion of criminal activity to stop and pat-down Tucker. Tucker and his companion had approached White, who was a known drug dealer and had just completed a sale of crack-cocaine. Tucker argues that Tucker's "mere propinquity to [White] does not, without more, give rise to probable cause to search that person." Appellant Br. at 31 (quoting Ybarra v. Illinois, 444 U.S. 85, 91 (1979)). There was "more" here, however, for the officer had been told that two men were buying drugs, and he saw Tucker's companion reach inside White's vehicle, in which the officer had seen marijuana. The totality of the circumstances thus justified the stop, and the knowledge that White's associates were often armed augmented the reasonable suspicion that supported the pat-down search. See Collins, 883 F.3d at 1033 (holding that officers had reasonable suspicion of drug-related activity when the defendant approached premises where drugs had been sold around the same time prior sales had occurred); United States v. Bustos-Torres, 396 F.3d 935, 943 (8th Cir. 2005) ("Because weapons and violence are frequently associated with drug transactions, it is reasonable for an officer to believe a person may be armed and dangerous when the person is suspected of being involved in a drug transaction.").

Tucker next argues that the district court abused its discretion in denying his motion to disclose the identity of the confidential informant.  See United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998) (standard of review).  The government may withhold the identity of a confidential informant, unless the disclosure is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."  Roviaro v. United States, 353 U.S. 53, 60-61 (1957).  In light of the fact that the confidential informant had made multiple controlled purchases from White, had offered no information about Tucker, and had left the area before Tucker approached White, the district court did not abuse its discretion in concluding that the confidential informant's identity was not "material to the defense."  See United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003).

Finally, Tucker argues that the district court erred in sentencing him as an armed career criminal, because his two prior convictions for first-degree aggravated robbery in violation of Minn. Stat. § 609.245 do not constitute "violent felon[ies]" and his conviction for third-degree sale of a controlled substance in violation of Minn. Stat. § 152.023 does not constitute a "serious drug offense."  See 18 U.S.C. § 924(e); see also U.S.S.G. § 2K2.1(a)(4)(A).  Tucker concedes that we are bound by our prior holdings that those offenses constitute predicate offenses under the ACCA and the Guidelines.  See United States v. Gammell, 932 F.3d 1175, 1179 (8th Cir. 2019), cert. denied, No. 19-7288, 2020 WL 2621843 (U.S. May 26, 2020) (holding that first-degree aggravated robbery in violation of Minn. Stat. § 609.245 constitutes a "violent felony"); United States v. Bynum, 669 F.3d 880, 885-87 (8th Cir. 2012) (holding that third-degree sale of a controlled substance in violation of Minn. Stat. § 152.023 constitutes a "serious drug offense" under the ACCA).[3]

_____

[3]We agree with the government that Bynum's holding has not been affected by the Supreme Court's decision in Shular v. United States, 140 S. Ct. 779 (2020).

The district court thus did not err in determining Tucker's prior convictions constituted predicate offenses to enhance his sentence.

The judgment is affirmed.

_____