# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3780
_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Evans

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2021
Filed: July 12, 2021

_____

Before LOKEN, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

Daniel Evans challenges the district court's[1] denial of his motion to suppress, which argued that the affidavit used to secure a search warrant for his house omitted critical facts about an anonymous source. We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the

# I. Background

In June 2018, Saint Louis Metropolitan Police Department ("SLMPD") Detective Michael Joyner applied for a search warrant based on information from an anonymous source that was corroborated by SLMPD officers. The source reported to Joyner that Evans was selling drugs out of his house, and that Evans had a silver revolver in the house. The source also described how these transactions happened: customers waited in the living room area while Evans retrieved drugs from the bedroom. And, according to the source, Evans also conducted drug transactions from his car.

Because the police had not worked with this source before, Joyner took steps to corroborate what the source said. Joyner (1) had the source identify Evans from a photograph; (2) confirmed Evans's address; (3) confirmed Evans's previous criminal convictions; and (4) surveilled Evans's house, which showed heavy foot traffic.

The source accompanied Joyner to apply for a search warrant and signed the affidavit as "John Doe." A state court judge concluded the affidavit contained sufficient information to establish probable cause and signed the search warrant. The warrant authorized the SLMPD to search Evans's house and seize any illegal narcotics, controlled substances, and firearms.

Six days later, Joyner and other officers for the SLMPD observed Evans leaving his house in his car. When he was outside of view of the house, they pulled him over. The officers searched Evans and his car but did not find any drugs or weapons. The officers detained and handcuffed Evans and took him to a staging area. There, Joyner read Evans his *Miranda* rights, and Evans was informed there

Honorable John M. Bodenhausen, United States Magistrate Judge for the Eastern District of Missouri.

was a search warrant for his house. Evans told the officers that there was a firearm in the house.

During the authorized search, the officers found methamphetamine, heroin, fentanyl, cocaine base, marijuana, three firearms, and other items consistent with drug distribution. Joyner advised Evans of his *Miranda* rights a second time following the search of Evans's house. Evans admitted that he knew about the drugs and a pistol in his bedroom, but he denied knowing about a shotgun and revolver found in the basement. Later, Evans asked another officer what the officers would do with the money found during the search and how the officers would determine if it was connected to the drugs.

Evans was indicted for possession with intent to distribute cocaine base, possession with intent to distribute a mixture or substance containing methamphetamine, possession of a firearm in furtherance of a drug trafficking crime and being a felon in possession of one or more firearms. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D); 18 U.S.C. § 924(a)(2), (c); 18 U.S.C. § 922(g)(1). Evans moved to suppress the statements he made following his arrest. He argued that the government violated his Fourth Amendment rights by questioning him while executing a warrant that lacked probable cause. The district court denied Evans's motion and the case proceeded to trial. A jury convicted Evans and the district court sentenced him to 93 months of imprisonment. Evans appeals the district court's denial of his motion to suppress.

## II. Discussion

On appeal of the denial of a motion to suppress, we review the district court's "legal conclusions de novo and factual findings for clear error." *United States v. Morris*, 915 F.3d 552, 555 (8th Cir. 2019) (quoting *United States v. Woods*, 747 F.3d 552, 555 (8th Cir. 2014)). We "will affirm the district court's denial of a motion to suppress evidence unless it is unsupported by substantial evidence, based on an erroneous interpretation of applicable law, or, based on the entire record, it is clear

a mistake was made." *United States v. Perez-Trevino*, 891 F.3d 359, 365 (8th Cir. 2018) (quoting *United States v. Collins*, 883 F.3d 1029, 1031 (8th Cir. 2018)). "We may affirm on any ground supported by the record." *Id.* (citing *United States v. Murillo-Salgado*, 854 F.3d 407, 414 (8th Cir. 2017)).

Evans raises two issues on appeal. First, he argues the affidavit used to obtain the search warrant failed to establish probable cause due to omissions about the reliability of the source and lack of corroboration. Second, Evans argues his statements made during his arrest and detention should be suppressed for lack of probable cause supporting his arrest. Neither argument is persuasive.

## A. Search Warrant

Evans argues that information about the anonymous source, including the source's reliability, was omitted from the affidavit, making it misleading. A "search warrant may be invalid if the issuing judge's probable cause determination was based on an affidavit containing false or omitted statements made knowingly and intentionally or with reckless disregard for the truth." *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). In order to prevail, a defendant "must show (1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the affidavit; and (2) that the affidavit's remaining content is insufficient to establish probable cause." *Id.*

"Probable cause is a fair probability that . . . evidence of a crime will be found in the location to be searched." *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996). We give the issuing judge substantial deference to decide whether probable cause exists. *Id.* When an "issuing court relies solely on an affidavit to determine whether probable cause exi[s]ts," this court only looks to "the information 'found within the four corners of the affidavit[.]'" *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (quoting *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)).

Evans does not argue the information provided within the affidavit is false, but rather that the source, as a previously unused and untested informant for the SLMPD, could not be taken at "face value." However, when probable cause depends on information provided by a source, the determinative factor is not the source's history alone, "[t]he core question . . . is whether the information is reliable." *United States v. Keys*, 721 F.3d 512, 518 (8th Cir. 2013) (alterations in original) (quoting *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993)).

"Information may be sufficiently reliable to support a probable cause finding if . . . it is corroborated by independent evidence." *Id*. Where some information is independently corroborated, it is permissible for the issuing judge to conclude the informant and the remaining information provided are reliable, even if uncorroborated. *Id*. "[C]orroboration of minor, innocent details can suffice to establish probable cause." *Id*. (quotations omitted) (concluding probable cause existed when officers corroborated the named defendant's residence through two sources).

Like the district court, we conclude the affidavit contained sufficient corroborated information to support a fair probability that evidence of a crime would be found at Evans's house. *See LaMorie*, 100 F.3d at 552. This is true for three reasons. First, Joyner corroborated the affidavit's information in multiple ways: (1) by independently verifying Evans's address and criminal record; (2) by conducting multiple types of surveillance at Evans's house; and (3) by verifying Evans's identity by asking the source to look at a picture.

Second, the presence of the source before both the officer and the issuing judge—and the source's willingness to swear to the facts he provided under oath— further support reliability. The physical presence of the source is significant, because it allowed Joyner and the issuing judge to further assess the source's credibility and allowed the source to be held accountable if the allegations were false. *United States v. Braden*, 844 F.3d 794, 799 (8th Cir. 2016).

Third, the "richness and detail" of the source's firsthand observations also support a finding of probable cause here. *Id*. Unlike in *Reinholz*, where the officer recklessly misrepresented a pharmacist's information as personal knowledge of drug use and distribution, 245 F.3d at 774, the source here directly provided the issuing judge with a specific, personal account of Evans selling drugs. The source's firsthand observation of the drug sales combined with specific and detailed descriptions provided a fair probability that evidence of a crime would be found.

In sum, we affirm the district court's conclusions because Joyner's corroboration, combined with the specificity of the source's information and physical presence before the officer and issuing judge, sufficiently established probable cause for the search warrant.

## B. Post-Arrest Statements

Evans argues the exclusionary rule applies, which bars the use of verbal statements made as a result of an unlawful, unauthorized arrest. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963). Evans maintains his statements were made as the result of an arrest that was not supported by probable cause, which requires that the statements be suppressed.

However, the probable cause determination resulting in issuance of the search warrant was predicated on information concerning the activities of Evans, rather than merely information about criminal activity at his house in general. "Probable cause for an arrest exists when the totality of circumstances demonstrates that the arresting officer personally knows or has been reliably informed of sufficient facts to warrant a belief that a crime has been committed and that the person to be arrested committed it." *Reinholz*, 245 F.3d at 778 (citing *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999)).

The source stated that Evans sold drugs, and Joyner corroborated Evans's identity, address, and prior criminal record. Evans was also known to sell drugs from his car. These facts provided "reasonably trustworthy information sufficient to warrant a belief by a prudent person that an offense has been or is being committed." *United States v. Council*, 860 F.3d 604, 609 (8th Cir. 2017). Because the affidavit underlying the search warrant for Evans's house also supported probable cause to detain and arrest Evans, the officers did not need separate indicia of criminal activity occurring at the time of the arrest. "[T]he warrantless arrest of an individual in a public place upon probable cause d[oes] not violate the Fourth Amendment." *Id*. at 608 (alterations in original) (quoting *United States v. Santana*, 427 U.S. 38, 42 (1976)). Here, the information in the affidavit—which covered Evans's conduct, not just his house—gave the officers probable cause to detain and arrest him.

Thus, we affirm the district court's denial of Evans's motion to suppress because probable cause existed for his arrest.

### III. Conclusion

We affirm the judgment of the district court.

_____