# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2112
_____

United States of America,

*Plaintiff - Appellee*,

v.

Elizabeth Marie Pounds,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: February 17, 2023
Filed: June 15, 2023
_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Elizabeth Pounds entered a conditional guilty plea to a charge of possessing methamphetamine with intent to distribute it. In the district court, Pounds moved to suppress evidence seized during a traffic stop of a vehicle that she was driving. The

district court[*] denied the motion, and Pounds reserved the right to appeal that ruling. We conclude that there was no error in denying the motion to suppress, and therefore affirm the judgment.

The disputed traffic stop arose from surveillance that police officers conducted at the residence of Robin and Lanny Vensand in Sioux Falls. A confidential informant notified a detective in May 2020 that Robin Vensand was selling methamphetamine from the home. Another source reported in the same month that Lanny Vensand was selling large amounts of methamphetamine from his home. Records showed that an informant told police in 2016 that the Vensands were making and selling methamphetamine from their home.

Surveillance at the Vensand residence in May and June 2020 showed a significant amount of short-term traffic of the sort that experienced officers knew was typical for a location where drugs are sold. Between June 4 and June 15, officers stopped three vehicles shortly after they departed the residence. On each occasion, the police seized drugs from someone in the vehicle. On June 24, officers stopped a fourth vehicle and seized drugs after observing a person switch into that car shortly after he departed the residence. Other informants advised police between June and early August 2020 that the Vensands were large suppliers of methamphetamine from whom the informants had purchased drugs.

In mid-August 2020, detectives learned from an informant that a large shipment of methamphetamine would be delivered to Sioux Falls during the weekend of August 22-23, 2020. Video surveillance of the Vensand residence showed a significant increase in traffic on the evening of August 22. On Monday, August 24, police discovered four pounds of methamphetamine in the home of a suspected

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

associate of the Vensands. The associate told police that he had received the methamphetamine from a supplier, who had in turn received the drugs from Lanny Vensand. Video surveillance from the evening of August 22 confirmed that the associate's supplier entered the Vensand residence and left with a large duffel bag.

The incident involving Pounds occurred on the evening of August 24. At approximately 10:00 p.m., a detective saw a red car pull into the driveway of the Vensand residence. The vehicles usually driven by the Vensands were present at the time, suggesting that the Vensands were at home. The driver of the red car, later identified as Pounds, got out of the vehicle and entered the residence. Approximately six minutes later, Pounds emerged from the residence, reentered the vehicle, and drove away.

Surveillance officers followed Pounds, and a patrol officer stopped her vehicle at 10:35 p.m. based on instructions communicated by radio from the detective. A state trooper deployed a canine to sniff the exterior of the vehicle, and the dog alerted for the presence of narcotics. Officers then searched the car and found a total of 220 grams of methamphetamine in small packages.

A grand jury charged Pounds with possession with intent to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Pounds moved to suppress all evidence obtained as a result of the traffic stop. The district court ruled that the officers had reasonable suspicion to stop the vehicle, and denied the motion. Pounds pleaded guilty, but reserved her right to appeal the denial of her motion to suppress. *See* Fed. R. Crim. P. 11(a)(2). The district court sentenced her to 120 months' imprisonment.

Pounds argues that the officers violated her rights under the Fourth Amendment because they lacked reasonable suspicion to stop her vehicle. A law enforcement officer may conduct an investigative stop of a vehicle when he has "a

particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417-18 (1981). We consider the totality of the circumstances to determine whether an officer has a particularized and objective basis to suspect wrongdoing. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.* Given that the seizing officer received instructions to stop Pounds's vehicle from a member of the law enforcement team that was investigating drug activity associated with the Vensand residence, we consider the information known collectively by the officers at the time of the stop. *See United States v. Mosley*, 878 F.3d 246, 254 (8th Cir. 2017).

Applying those standards here, we conclude that the seizing officer had reasonable suspicion to stop Pounds as she drove away from the Vensand residence on August 24. Officers had abundant reason to believe, based on informant reports and surveillance, that the Vensands were distributing methamphetamine from their residence. Police seized drugs from four short-term visitors who were stopped shortly after leaving the residence in June. As of August 24, investigators had reliable information that the Vensands were distributing a shipment of methamphetamine that arrived two days earlier, including a quantity that was seized from a downstream customer that very morning. Surveillance showed increased traffic at the residence, consistent with drug sales, beginning on the evening of August 22.

On August 24, a detective saw Pounds enter the Vensand residence at 10:00 p.m. and depart six minutes later. Although Pounds was previously unknown to investigators, her short-term visit to the suspected drug house conformed to the pattern of the drug trade and gave police reasonable suspicion to believe that she was carrying drugs as she departed. *See United States v. Collins*, 883 F.3d 1029, 1032-33 (8th Cir. 2018); *United States v. Buchannon*, 878 F.2d 1065, 1067 (8th Cir. 1989). Pounds relies on *United States v. Crawford*, 891 F.2d 680 (8th Cir. 1989), where

police lacked reasonable suspicion to stop a person at an apartment complex, because they did not see the defendant enter any particular apartment or do anything that might have linked him to a drug dealer who lived in the complex. *Id.* at 681-83. But here, the suspicion was particularized and objective, because Pounds made a short visit to a single-family residence that officers reasonably suspected as a site of ongoing drug distribution.

Police had a reasonable, articulable suspicion that Pounds was involved in criminal activity as she departed the residence, so the traffic stop was permissible under the Fourth Amendment. The district court did not err in denying the motion to suppress. The judgment of the district court is affirmed.

_____