# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-2793
_____

Sahr Saidu

*Plaintiff - Appellant*

v.

City of Des Moines, Iowa; Terry Mitchell

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: September 24, 2019
Filed: November 13, 2019
[Unpublished]
_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Sahr Saidu was arrested and later charged with sexually exploiting a group-home patient under his care. He was acquitted by a jury and now seeks to hold

Detective Terry Mitchell responsible for his arrest and detention. The district court[1] dismissed the lawsuit on summary judgment, and we affirm.

I.

Saidu worked as a Direct Support Professional at a group home in Des Moines. R.S., who suffers from schizophrenia and bipolar disorder, was a resident there. One evening, she reported to a staff member that Saidu had sex with her after driving her to Walmart earlier in the day. The staff member notified the police.

Detective Mitchell was assigned to the case three days later. Over the next month, he interviewed R.S., spoke with the staff member who had reported the allegation, and requested the results of a sexual-assault examination. Saidu, whom Detective Mitchell also wished to interview, refused to speak to him.

Detective Mitchell's investigation revealed three key facts. First, R.S. had purchased a box of condoms on her trip to Walmart with Saidu that day. Second, she had been alone with Saidu once they returned to the group home. Third, the responding officers had recovered an open condom wrapper and discovered that one condom was missing from the box that she had purchased.

Based on this information, Detective Mitchell applied for an arrest warrant. In the warrant application, he stated that he had reason to believe that Saidu had committed the offense of sexual exploitation by a counselor or therapist. *See* Iowa Code § 709.15(4)(b). A jury acquitted him of the charge.

Then came the filing of this lawsuit, in which Saidu has alleged that Detective Mitchell falsely arrested him under Iowa tort law and violated his constitutional rights. U.S. Const. amend. IV; 42 U.S.C. § 1983; Iowa Const. art. I, § 8; *Godfrey v.*

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

*State*, 898 N.W.2d 844, 862–63 (Iowa 2017) (recognizing the "well settled principle that violation of article I, section 8 [of the Iowa Constitution] gives rise to a cause of action"); *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983) (listing the elements of a false-arrest claim). The district court granted summary judgment to Detective Mitchell, which is a decision that we review de novo, construing all of the facts in the light most favorable to Saidu. *Schaffer v. Beringer*, 842 F.3d 585, 591 (8th Cir. 2016).

II.

Each of Saidu's claims depends on whether Detective Mitchell had probable cause to arrest him. *Fagnan v. City of Lino Lakes*, 745 F.3d 318, 325 (8th Cir. 2014); *State v. Christopher*, 757 N.W.2d 247, 250 (Iowa 2008) ("[P]robable cause for [an] arrest is the constitutional criterion by which its legality is measured." (citation omitted)); *Children*, 331 N.W.2d at 679–80. The state judge who signed the arrest warrant concluded that there was probable cause, which means that the warrant application in his view established that there was "a probability or substantial chance" that Saidu had engaged in "sexual conduct [with R.S.] for the purpose of arousing or satisfying" either one of them. Iowa Code § 709.15(2)(a)(2); *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (citation omitted) (explaining what is required for probable cause); *see also State v. Baker*, 925 N.W.2d 602, 610 (Iowa 2019) (applying federal probable-cause principles to evaluate a state constitutional claim). Nevertheless, Saidu argues that Detective Mitchell lacked probable cause to arrest him for two reasons: the evidence he gathered was unreliable and his investigation was not thorough enough.[2]

---

[2]At oral argument, Saidu suggested that the warrant application contained a "material misrepresentation." *See Franks v. Delaware*, 438 U.S. 154 (1978). We will not address this claim, however, because he failed to raise it anywhere in his briefs. *Harris v. Folk Constr. Co.*, 138 F.3d 365, 366 n.1 (8th Cir. 1998).

Starting with the evidence itself, it was of two types. First, there was physical evidence—including an empty condom wrapper and a new box of condoms with one missing—that together suggested that R.S. had sex with someone that day. Second, there was testimonial evidence, from both R.S. and a group-home staff member, that the individual in question was Saidu. Collectively, this evidence was sufficient to create "a fair probability" that "sexual conduct" had taken place between the two of them. Iowa Code § 709.15(2)(a)(2); *Illinois v. Gates*, 462 U.S. 213, 246 (1983) ("[P]robable cause does not demand the certainty we associate with formal trials.").

Saidu's view of the evidence is different. He claims that R.S.'s account had all of the warning signs of fabrication—including details of her account changing over time, not to mention her mental illness and history of breaking the rules to have sex. *See Clay v. Conlee*, 815 F.2d 1164, 1168 (8th Cir. 1987) ("[L]aw enforcement officers are entitled to rely on information supplied by the victim of a crime, absent some indication that the information is not reasonably trustworthy or reliable."). But there were also good reasons for Detective Mitchell to believe R.S., not the least of which were that *she* was the alleged victim of the crime and the physical evidence— at least from what he knew at the time—was consistent with her account. *See id.*; *see also United States v. Robertson*, 39 F.3d 891, 893 (8th Cir. 1994) ("giv[ing] greater weight" to reliance on an informant after a "face-to-face" meeting).

As for the sufficiency of the investigation, perhaps Detective Mitchell could have spoken to more officers and followed other leads before arresting Saidu. Even so, courts are particularly ill-suited to second-guess determinations about "whether a particular lead warrants [further] investigation." *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009). And even a subpar investigation—unless an officer fails to investigate "plainly" exculpatory evidence—does not defeat probable cause. *Clayborn v. Struebing*, 734 F.3d 807, 809–10 (8th Cir. 2013); *see Amrine v.*

*Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). Even if Detective Mitchell could have done more before arresting Saidu, what he did was enough.[3]

We accordingly affirm the judgment of the district court.

_____

---

[3]Because we conclude that Detective Mitchell had probable cause to arrest Saidu, we do not have to address whether he would have been entitled to qualified immunity under federal or state law. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Baldwin v. City of Estherville*, 915 N.W.2d 259, 279–80 (Iowa 2018) (articulating a due-care standard for qualified immunity under Iowa law).